## OCEAN ACCIDENT & GUARANTEE CORPORATION v. NANCE.
### No. 8340.

Court of Civil Appeals of Texas. San Antonio.
Feb. 12, 1930.

Rehearing Denied March 12, 1930.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Douglas & Black, of San Antonio, for appellee.

### FLY, C. J.

This is a suit by appellee to recover of appellant the sum of $682.65, under the Employers' Compensation Act (Rev. St. 1925, arts. 8306–8309, as amended) ; the Light Publishing Company being her employer and having insured with appellant. She alleged that she was injured while in the employment of the publishing company. She attempted to lower a window with a pole, and the latter slipped and struck her in the side, causing great pain and suffering, and requiring the attendance of physicians and an operation for traumatic appendicitis.

The cause was submitted to a jury on special issues to which they answered that appendicitis resulted from the blow received by appellee on June 24, 1927; that she was totally incapacitated by the accident from performing her usual and customary duties of employment for seven weeks, partially incapacitated for twenty-four weeks; that the reasonable charge for the physicians' services was $250; and that medical expenses in the sum of $176.15 were incurred within four weeks after the date of the injury. The jury also found that appellee did not request appellant to furnish her medical and surgical attention prior to the operation. A judgment in favor of appellee for $682.65 resulted.

The original petition was filed on February 20, 1928, in which appellee sought to recover $682.65. It is the contention that appellee claimed only $81 for six weeks' compensation and that that sum did not give the county court jurisdiction; that the amended petition was filed over a year after the Industrial Accident Board had denied appellee compensation, and showed that the operation was performed contrary to the provisions of section 12e, art. 8306, Rev. St.

We are of opinion that the original petition stated a cause of action.

■ It is provided in section 4a, art. 8307, which creates an Industrial Accident Board, that unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under the Workmen's Compensation Law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same. We conclude that the matter of notice of the injury is not necessary if the association or the subscriber had other notice of the injury. Notice by the injured party is dispensed with if the association or subscriber had notice in any other way of the injury. It is alleged in the original petition that her employer, the subscriber, gave notice of the injury to appellant, and that the latter reported it to the Industrial Accident Board. It was sufficient that the subscriber had notice. Claim for compensation, according to the allegations, was made within six months after the occurrence of the injury. It is alleged also that suit was filed within twenty days after the final decision of the Board. The allegations as to notice were sufficient.

Section 12e of article 8306 provides that when an employee is injured and a surgical operation will effect a cure or materially and beneficially improve his condition, the association or employee may demand a surgical operation. That demand is required to be made in writing, and the Board shall order a medical examination, and the physician shall make a written report; and if it be shown by the examination, report of facts, and opinions of experts, all reduced to writing and filed with the Board, that such operation is advisable and will relieve the condition of the injured employee or will materially benefit him, the Board shall so state in writing and upon unanimous order of said Board in writing, a copy of which shall be delivered to the employee and the association, shall direct the employee at a time and place therein stated to submit himself to an operation for said injury.

These instructions and provisions are thought to be so important that they are repeated, and while all this "red tape" is being wound and unwound the spirit of the poor employee may have winged its flight to a fairer and better region. In a case of acute appendicitis, as the case of appellee seems to be, delay is thought to be dangerous in the extreme, and an operation swiftly demanded; and the tediousness of the Board, its reports in writing, slow and uncertain, are placing the life or death of the employee at stake, and like unto the English "Circumlocution Office" so graphically described by Charles Dickens in his "Bleak House," are hanging the employee in the dreadful balance between two eternities. No law could enforce such an absurdity against a human being. Appellee was in a hospital, suffering with an affection which threatened death, and was in no condition to go through the winding mazes of a circumlocution office. While it is not clearly alleged that the operation was an emergency one, still it is clearly enough shown so, reading every reasonable intendment into the petition; and the petition was not open to a general demurrer, and prevented the running of limitation against the action. The so-called plea to the jurisdiction was to all intents and purposes nothing but a general demurrer.

While of opinion that in a case of grave emergency an injured employee should be permitted to recover, even though the very tedious process of obtaining permission to employ the services of a surgeon are not complied with, as set out in the statute, still we are of opinion that there should be clear allegations of the emergency and full proof to sustain the allegations before a recovery should be allowed. The amended pleading has not complied with these demands; and consequently the judgment is reversed and the cause remanded.