### ÆTNA LIFE INS. CO. v. HARRIS.

#### No. 8111.

Court of Civil Appeals of Texas. Austin.
May 15, 1935.

Rehearing Denied June 5, 1935.

F. D. Kerbow, of Austin, for appellant.

Benton Coopwood and Hart, Patterson, & Hart, all of Austin, for appellee.

BAUGH, Justice.

This case arose under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.). In the trial court it was an appeal by the insurance company from an award made by the Industrial Accident Board against it and in favor of appellee for injuries sustained by her as an employee of E. M. Scarbrough & Sons, while in the course of her employment. Trial was to a jury upon special issues, and upon their answers thereto judgment rendered for appellee for compensation at the rate of $10.50 per week for 100 weeks, and for $307 medical and hospital bills. From this judgment, the insurance company has appealed.

The first contention made is that the trial court erred in not sustaining appellant's general demurrer to appellee's cross-action, in that her pleading does not allege that she sustained an "accidental injury" as that term is defined by law. Appellee pleaded in this respect as follows:

"Defendants for their further answer and cause of action herein say that the defendant, Mrs. Blanche Harris, was employed in the ladies' ready-to-wear department of Emerson M. Scarbrough & Sons Department Store, in Austin, Travis County, Texas, since November, 1928. She was working for said employer during the week beginning January 9, 1933. During that week said employer received shipments of ladies' coats, cloaks and dresses. That beginning on January 9, 1933, the defendant, Mrs. Blanche Harris, while engaged in the scope of her employment and performing her duties as said employe, was unpacking ladies' coats, shaking them out and putting them in stock. That while engaged in these duties, dust, dye particles, dirt and fuzz, and pieces of goods, threads and fur would fly off the coats and fill the air; that said particles got on the hands and face of the defendant, Mrs. Blanche Harris, frequently necessitating her having to wash her hands and face. That on Tuesday, January 10, 1933, these particles of dust, dye, fuzz, etc., aforesaid, got in the right eye of

the defendant, Mrs. Blanche Harris causing great irritation and infection and thereby injuring said right eye. That thereafter, on Thursday, January 12, 1933, her said right eye became infected with erysipelas as the result of said injury caused by the particles getting into her eye. The condition of her eye grew steadily worse, and on Sunday, January 15, 1933, she went to a doctor, an eye specialist, who upon observing her eye ordered immediate first aid and emergency treatment in an effort to save her life. As the result of said orders and in compliance with them, defendant, Mrs. Blanche Harris was operated on immediately. Thereafter her right eye was removed."

The contention that mere conclusions, and not facts, were pleaded is not sustained. The facts relied upon are adequately set forth. The only question in this respect is whether a compensable injury, within the purview of the compensation act, is pleaded. As to that, appellant grounds its contention on the hypothesis that there must be shown a physical injury to some member of the body through which the disease germs subsequently entered, before the employee is entitled to the protection of the act. Article 8309, § 5, R. S. 1925, provides: "The terms 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom." But compensable injury does not necessarily presuppose violence to some organ of the body; nor that the infection resulting must come from a distinct and separate source from that causing the injury. If the injury be accidental, and suffered in the course of the employment, and disease or infection "naturally result therefrom," it is immaterial whether the agency which causes the injury be also the same agency which carries the disease germ into the injured organ of the body. No serious controversy is made but that in the instant case the erysipelas was contracted through the causes alleged. Had the foreign materials in the air caused an irritated condition of appellee's eyes, rendering them susceptible to infection, and erysipelas then been contracted from some other source, in the course of appellee's employment, the result would have been the same. Irritation of appellee's eyes because of the foreign materials in the atmosphere constituted an injury thereto, through which injury the disease germs found entry and did their

deadly work. We see no distinction in principle between injury to an eye caused by polluted atmosphere, naturally resulting in an infection, and injury to the lungs caused by inhaling gas which naturally results in pneumonia, tuberculosis, or other lung disease. A full discussion of the latter condition and the principles applicable is found in Barron v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464. The rules there announced are, we think, clearly applicable to the instant case. Under these circumstances, appellee's pleadings were clearly sufficient as against a general demurrer.

The next proposition of appellant is that the court erred in assuming jurisdiction, in that appellee failed to show notice of her injury given within thirty days thereof as required by statute (Vernon's Ann. Civ. St. art. 8307, § 4a). This contention is overruled for two reasons: First, because the appellant itself invoked the jurisdiction of the court upon the subject-matter of the litigation, and cannot be heard to thereafter attack it. Texas Employers' Ins. Ass'n v. Ezell (Tex. Com. App.) 14 S.W.(2d) 1018; Southern Cas. Co. v. Fulkerson (Tex. Com. App.) 45 S. W.(2d) 152, 155; New Amsterdam Cas. Co. v. Merrifield (Tex. Civ. App.) 74 S.W. (2d) 185. Second, because the proof clearly shows that the employer (subscriber) did have notice of said injury within the thirty days required by law. Scarbrough's manager and the supervisor of personnel both had actual notice of the injury within such time. This was sufficient to constitute notice to the employer. Texas Employers' Ins. Ass'n v. Wonderley (Tex. Civ. App.) 16 S.W.(2d) 386; Texas Employers' Ins. Ass'n v. Bradshaw (Tex. Civ. App.) 27 S.W.(2d) 314; Ocean Acc. & Guar. Corp. v. Nance (Tex. Civ. App.) 25 S.W.(2d) 665.

Appellant next contends that the trial court erred in allowing $307 for medical and hospital fees incurred by appellee in treatment of her injuries during the twenty-eight-day period next following her injury, because same had not been presented to nor passed upon by the Industrial Accident Board. We find nothing in the record to show whether such items were before the board or not, the award of the board not being in evidence. However that may be, this exact contention was before us in Ætna Life Ins. Co. v. Culvahouse, 10 S.W.(2d) 803 (writ dis.), and there decided adversely to appellant's contention.

■ Appellant also asserts error on the ground that there was no showing that appellant was ever requested to furnish such medical services and neglected or refused to do so. Section 7 of article 8306, R. S., provides that medical services and hospitalization shall be furnished by the insurer for the first four weeks following the injury, but that the insurer shall not be liable for same unless the subscriber or the insurer, after notice of the injury, "shall have refused, failed or neglected to furnish it or them within a reasonable time." Obviously, in order to bind the insurer for the expenses of a continuing course of treatment, the insurer should have notice thereof and an opportunity to furnish same. But the statute itself authorizes, as a proper charge against the insurer, the injured employee to call in any available physician or surgeon to administer first aid treatment reasonably necessary in the particular case. While the services rendered in the instant case, for which the allowance was made, were not for first aid treatment, the pleadings and proof show that they were in their nature an emergency operation, requiring the skill of a specialist, and immediately necessary to save the life of the injured party. There is no contention made that such services were not necessary, reasonable, and competent; nor that prompt action was essential to save the life of the appellee. Under such circumstances we agree with the holding in Ocean Acc. & Guarantee Corporation v. Nance (Tex. Civ. App.) 25 S.W. (2d) 665, that the statute should not be given a construction, where prompt action is vital, that the insured would probably die while efforts were being made and time lost in complying with the literal provisions of the statute. The instant case appears to be one of that character, and to come within the holding in the Nance Case, supra.

■ Appellant next complains of argument charged to have been made by appellee's counsel to the jury. While certain argument is stated by appellant in its statement under its proposition to have been made, we find nothing in the record to support such statement. No objection was made to any argument during the trial, no bill of exception shown in the record setting forth any such argument, no separate assignments of error were filed, and the motion for new trial is relied on entirely as presenting such error. In such motion the ground stated is: "Because of improper argument to the jury by Defendant's attorney."

Obviously, this does not specify any argument complained of; and presented nothing on which the trial court had opportunity to act. Nor do appellee's counsel in their brief admit or agree that any such argument as that stated by appellant in its brief was made by them. Even if appellant be not held to have waived the error, if any, it is not sufficiently presented, under these circumstances, to require the court to pass upon the contention made.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.