**AETNA CASUALTY AND SURETY COMPANY, Appellant,**

v.

**Hazel HAIK et vir., Appellee.**

No. 4792.

Court of Civil Appeals of Texas.

Waco.

May 29, 1969.

Rehearing Denied July 3, 1969.

Naman, Howell, Smith & Chase (Hilton Howell), Waco, for appellant.

Dunnam, Dunnam, & Dunnam (Walter S. Smith, Jr.), Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant insurance carrier from a judgment for "total permanent" in a workmen's compensation case. Plaintiff Haik alleged total and permanent disability due to dermatitis resulting from contact with cardboard boxes while an employee of Owens-Illinois, Inc. Trial was to a jury which found:[1]

1) Hazel Haik sustained dermatitis prior to November 4, 1966.

2) Such dermatitis was actually incurred by Hazel Haik in her employment by Owens-Illinois Glass Plant.

3) The foreman or nurse was informed by Hazel Haik that she actually incurred dermatitis in said employment prior to December 1, 1966.

1. Issues pertinent to contentions are quoted in full; others are summarized; issues not answered are omitted.

4) Said dermatitis was due to the nature of an employment in which hazards of such disease actually exist.

5) Said dermatitis was characteristic of and peculiar to the employment of Hazel Haik in the capacity in which she was employed.

6) "Do you find from a preponderance of the evidence that said dermatitis sustained by Hazel Haik resulted in any total incapacity to her for any length of time? Answer: 'Yes'. (By the term 'total incapacity' as used herein, does not imply any absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is regarded as being totally incapacitated."

7) Such total incapacity is permanent.

10) Such dermatitis sustained by Hazel Haik did not result in partial incapacity.

15) "If you have found that plaintiff Hazel Haik, contacted dermatitis as inquired about in Issues 2, 4, and 5 above, do you find from a preponderance of the evidence that such dermatitis has been or can be arrested by a change of employment or by medical treatment under which Hazel Haik would suffer no objective symptoms of such condition? Answer: No".

Judgment was rendered on the verdict for plaintiff for $12,982.

Defendant appeals on 41 points presenting 5 basic contentions:

Defendants 1st contention is that plaintiff failed to give notice to defendant or her employer within 30 days after the first distinct manifestation of her dermatitis as required by Article 8307, Sec. 4a.

Plaintiff plead under oath that her employer, foreman and supervisor in charge of illness *"had full knowledge of plaintiff's said dermatitis within 30 days after the first distinct manifestation thereof"*. Defendant denied under oath *"that plaintiff gave notice of her claiming to have dermatitis as a result of an exposure in connection with her employment within 30 days of the time her alleged disability began on November 4, 1966."*

We observe then that defendant denied that plaintiff *"gave notice"*, but did not deny that her employer *"had full knowledge"*.

■ Since defendant failed to deny under oath that the employer "had knowledge", notice was established as a matter of law. Rule 93 Texas Rules of Civil Procedure; Traders & General Ins. Co. v. Bass, Tex.Civ.App. (NRE), 193 S.W.2d 848.

■ And the injured employee need not give notice required by Article 8307 Sec. 4a [2] if the employer had other notice of the injury. Ocean Accident & Guarantee Corp. v. Nance, Tex.Civ.App., NWH, 25 S.W.2d 665.

Defendant's 2nd contention asserts that since plaintiff knew she had dermatitis as early as 1959, and since Section 10, Article 8306 provides for compensation from the date of injury; that plaintiffs recovery period should be made to run 401 weeks from the first distinct manifestation of plaintiff's dermatitis in 1959; and not from the time the jury found her alleged disability began on November 4, 1966.

2. Art. 8307 Sec. 4a provides: "Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first manifestation of an occupational disease * * *".

Plaintiff did report to her foreman and to the plant nurse in 1959 and 1962 (among other times) that she had dermatitis, and was off work with such condition on occasion. Nevertheless the condition did not become so acute that she could not return to work (and she did return to work); and she was not advised by her doctor not to return to work on account of this condition until approximately the time she filed her claim for compensation.

 In an occupational disease case, compensation should run from the date of total incapacity. Compensation is not provided for pain and suffering, but for loss of wages, hence reason requires that compensation commence on the date of disability in the case at bar. See Travelers Ins. Co. v. Miller, Tex.Civ.App. (NWH), 390 S.W.2d 284.

Defendant's 3rd contention asserts there is no evidence or insufficient evidence to support the jury's answer to Issue 15; and that "under the undisputed evidence plaintiff's dermatitis had been or could be arrested by change of employment or medical treatment." Defendant further asserts that under Sec. 27, Article 8306 plaintiff is entitled to recover compensation "only for the period during which the disease or allergy persists in an acute state", (which under the evidence would be for 2 days).

The record reflects that plaintiff worked in the glass plant for some 16 years; that she developed a dermatitis condition—a rash which would come on her arms up to her armpits—when she went to work in the plant; that such condition would go away within 36 hours if she stayed away from the plant, but if she got in the sun or perspired anyplace, her arms would turn red and start itching; and that she would have onsets of headaches accompanying the dermatitis; and that a discoloration came on her arms which never disappeared. It is in evidence that the usual tasks of workmen require physical exertion and perspiring at various times. Dr. Fadal testified that plaintiff's skin had been sensitized by work at the plant "and therefore it is hypersensitive and has a greater degree of reactivity; actually once the skin becomes hypersensitive, it can be irritated by other things than the original cause;" and that in his opinion plaintiff should never work around the boxes in the glass plant, or do any type of work which would require her to perspire, or do any type of work where she is to be in hot areas or become hot. Dr. Fadal further testifies that if plaintiff gets hot and perspires and commences to itch and her arms redden, that these are objective symptoms.

 We think the jury's answer to Issue 15 is supported by ample evidence; and that under the record Article 8306, Sec. 27 cannot preclude the judgment entered.

Defendant's 4th contention asserts there is no evidence or insufficient evidence to support the jury's answers to Issue 6, 7, and 8, and that such are against the weight and preponderance of the evidence. Issues 6 and 7 found that plaintiff's dermatitis resulted in total incapacity, commencing on November 4, 1966, and that such was permanent.

Plaintiff has a permanent discoloration of her arms which become red, irritated and itches, causing her to become highly nervous and to develop severe headaches whenever she becomes hot or perspires.

 It is in evidence that she should not do work which requires her to get hot or perspire; and further that the usual tasks of a workman require one to get hot and perspire. The findings complained of are supported by ample evidence. See Fid. & Cas. Co. of N. Y. v. Moore, Tex.Civ. App., (NWH) 333 S.W.2d 956.

Defendants finally complain of the argument to the jury of plaintiff's counsel. We have carefully reviewed the argument of all counsel and conclude that argument of plaintiff's counsel does not represent reversable error.

All defendant's points and contentions are overruled.

Affirmed.