TRANSPORT INSURANCE COMPANY,
Petitioner,

v.

A. L. POLK et ux., Respondents.

No. A-10768.

Supreme Court of Texas.

March 16, 1966.

Rehearing Denied April 20, 1966.

Leachman, Gardere, Akin, Porter & De-Hay, Dallas, for petitioner.

Jacobs & Lipscomb, Fort Worth, for respondents.

POPE, Justice.

A. L. Polk and wife filed a claim against Transport Insurance Company to recover the value of Mrs. Polk's nursing services to her husband. They asserted their claim under Section 7, Article 8306, Vernon's Ann. Tex.Civ.St. of the Workmen's Compensation Act. Upon appeal from the Board's denial of their claim, they recovered a judgment for $6,500.00 on a jury verdict and the Court of Civil Appeals has affirmed. 388 S.W.2d 474. Transport Insurance Company presents three points: (1) that part of the claim for nursing bills that arose after the date of the Board denial, under Section 5, Article 8307, is outside the jurisdiction of an appeal to the Court; (2) a wife may not recover bills for nursing rendered to her husband; and (3) there is no evidence to support the jury finding of the value of Mrs. Polk's nursing services. We affirm the judgments of the courts below.

This is Polk's second claim arising out of a serious injury which he sustained on January 24, 1961. As a result of that injury he is bedfast and helpless. Without aid, he cannot eat, drink, attend to his bodily needs, or turn over in bed. He filed a claim for compensation and also for nursing services. During the pendency of that first claim Transport voluntarily commenced paying Polk for the employment of a Mr. Tejada, a qualified nurse. Tejada has continued to work ten hours each day for six days of each week and four hours on Sunday. The Polks demanded nursing services for the rest of each day but Transport refused to supply additional services. That claim terminated by an agreed judgment on October 3, 1963. That judgment specifically provided that all claims of Mr. Polk, arising under the Workmen's Compensation Act after April 9,

1963 would in no way be affected by the compromise settlement approved in the judgment. The parties agreed that rights after that date were not adjudicated, and this present action has been tried in keeping with that agreement.

The Polks then filed this second claim. Its sole purpose was to recover the reasonable value of Mrs. Polk's services from April 9, 1963 forward. On December 17, 1963, the Board denied the claim. On appeal to the district court, Transport urged a plea to the jurisdiction of the Court to consider that part of the Polk claim for nursing services performed after the date of the Board's denial. The basis for its challenge was that Section 5, Article 8307 provides that all claims must first be presented to the Board. The Court overruled the plea.

The Polks obtained a jury verdict that (1) Transport failed to furnish Polk with reasonable and necessary nursing services between April 9, 1963 and April 26, 1964, the date of trial; (2) Mrs. Polk furnished such services to Polk during that period of time; (3) the reasonable charge for the services for the period between April 9, 1963 and December 17, 1963 was $4,200.00; and (4) the reasonable charge for such services for the period from December 17, 1963 to April 26, 1964 was $2,300.00. The Court of Civil Appeals affirmed the trial court's judgment for $6,500.00.

Transport's jurisdictional point before this Court attacks only that part of the judgment based upon the verdict embraced in the fourth special issue stated above. It is our opinion that Section 5, Article 8307 permits an injured employee to recover for nursing services rendered during the time which intervenes the Board's order and the date of judgment. The section provides:

"Sec. 5. Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of this law, shall include in such award or judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said award or judgment. The first such final award or judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items, but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said award or judgment. After the first such final award or judgment, the Board shall have continuing jurisdiction in the same case to render successive awards to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which said employee may be entitled; provided, each such successive award of the Board shall be subject to a suit to set aside said award by a court of competent jurisdiction, in the same manner as provided in the case of other awards under this law."

The first sentence of the section, instead of limiting recovery to cost and expenses up to the date of the award, limits the recovery to that which accrued "prior to the date of said award or judgment."

The next sentence makes the first award "or judgment" res judicata of liability for such cost or expense "up to the date of said award or judgment * * *." The statute does not, as argued, limit the Court's adjudication of nursing bills to the date of the Board action, but adds each time the words "or judgment." The Polks could recover for the nursing services furnished up to the date of judgment. Texas Casualty Insurance Co. v. Beasley, 391 S.W.2d 33 (Tex.Sup.1965).

Since Transport's plea invokes only Section 5, Article 8307, we reserve judgment with respect to a plea which may urge that the claimant did not comply with Section 7a, Article 8306 [1] as a condition precedent to a claim for additional or different services. The Polks and Transport have tried this entire action upon the assumption that Section 7 is solely applicable.

Transport narrowly stated its second point as "The error of the courts below in holding that Mrs. Polk was entitled under Section 7 of Article 8306 to recover for nursing rendered by her to her husband in amounts not expended or incurred." It argues that Mr. Polk has neither paid nor contracted to pay his wife anything and has expended or incurred nothing as required by that part of Section 7 which states:

"The employee shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services, nursing, chiropractic services, or medicines, nor shall any person who supplied the same be entitled to recover of the association therefor, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time."

An understanding of the section requires our consideration of the opening sentence of Section 7: "The association shall furnish such * * * nursing * * * as may reasonably be required at the time of the injury and at any time thereafter * * *." The significance of that sentence is that the obligation to provide services is that of the association or insurer, not the employee. The section further provides, "If the association fails to so furnish reasonable * * * nursing * * * when needed after notice of the injury * * * the injured employee may provide said * * * nursing * * * at the cost and expense of the association." That sentence fortifies the idea that it is the association's obligation, not the employee's. We then come to the portion quoted above and relied upon by Transport. Stating its requirements affirmatively, the section says that either of two persons can seek recovery. The employee himself can recover amounts that he has "expended or incurred." The employee is not the only one who can recover, however. The section goes on to state that "any person who supplied the same (is) entitled to recover of the association therefor * * *." Mrs. Polk, as the person who supplied the services, was entitled to seek recovery directly against the association without proof that she has expended or incurred the sums. Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969 (1943).

Transport cites and relies upon several cases from other jurisdictions which hold that a wife may not recover for nursing

---

1. "Sec. 7a. If it be shown that the association is furnishing medical aid, hospital services, chiropractic services, and medicines provided for by Section 7 hereof in such manner that there is reasonable ground for believing that the life, health or recovery of the employee is being endangered or impaired thereby, the Board may order a change in the physician, chiropractor or other requirements of said section. If the association fails promptly to comply with such order after receiving it, the Board may permit the employee or some one for him to provide the same at the expense of the association under such reasonable regulations as may be provided by said board."

services which she renders her husband because they are a part of the marital obligation of a wife. Bituminous Casualty Corp. v. Wilbanks, 60 Ga.App. 620, 4 S.E.2d 916 (1939); Graf v. Montgomery Ward & Co., 234 Minn. 485, 49 N.W.2d 797 (1951); Claus v. De Vere, 120 Neb. 812, 235 N.W. 450 (1931). In *Wilbanks* and *De Vere* the courts wrote about ordinary services and those of the ordinary housewife. *Graf* denied the claim because the services concerned were the usual tasks of a housewife and mother. Transport did not object to the special issues on the ground that they permitted recovery for Mrs. Polk's services which were ordinary marital duties. There is medical and other testimony that Mr. Polk requires constant attention and aid and that Mrs. Polk's care of her quadriplegic husband is an extraordinary service beyond that contemplated by the marital relationship. In 2 Larson, Workmen's Compensation Law 85, § 61.13 the law is summarized:

"* * * The earlier cases denied the allowance, on the ground that the wife did no more than she was bound to do as an affectionate spouse. Later cases, however, have permitted the charge, on the reasoning that the employer, by statute, has the affirmative duty of furnishing this kind of nursing service. If he has not done so, and if the wife then takes over these duties in addition to her regular household work and does exactly what a hired nurse would have had to do, the charge is proper."

Frame v. Frame, 120 Tex. 61, 36 S.W.2d 152, 73 A.L.R. 1512 (1931), also cited by Transport, concerned a wife's written agreement with her husband by which he agreed to pay her for her services as a housekeeper. The court struck down the agreement because the wife owed the services independently of contract and because it was against public policy. The case is not in point. Mrs. Polk does not seek to enforce a contract she has with her husband. She seeks recovery directly against Transport by reason of its statutory duty to pay

for extraordinary services which she has rendered her injured husband. Such recovery is permitted. California Cas. Ind. Exchange v. Industrial Accident Comm., 84 Cal.App.2d 417, 190 P.2d 990 (1948); Oolite Rock Co. v. Deese, 134 So.2d 241 (Fla.Sup.Ct.1961); Brinson v. Southeastern Utilities Service Co., 72 So.2d 37 (Fla.Sup. Ct.1954); Brown v. Dennis, 114 So.2d 335 (Fla.Dist.Ct.App.1959); Crunkleton Electric Co. v. Barkdoll, 227 Md. 364, 177 A.2d 252 (1962); Collins v. Reed-Harlin Grocery Co., 230 S.W.2d 880 (Mo.Ct.App.1950); Daugherty v. City of Monett, 238 Mo.App. 924, 192 S.W.2d 51, 56 (1946); Berkowitz v. Highmount Hotel, 281 App.Div. 1000, 120 N.Y.S.2d 600 (1953); 99 C.J.S. Workmen's Compensation § 268.

■ Transport's third point is that there is no evidence to support the findings of the jury as to the value of the nursing services rended by Mrs. Polk to her husband. Mrs. Polk did not seek recovery for her usual domestic duties as a wife. She did not even assert her claim for her extraordinary services for nursing her husband for the first seventeen months after he returned home from a hospital. Her claim is for services rendered her husband which are like those performed by Mr. Tejada, but during the time he was not on duty. Those are such services as cutting up his food, holding a glass or a cup while he drinks, turning him over in bed every two hours, raising and lowering him in bed, seeing that he does not become malpositioned in bed, keeping him and the bed clean and dry to avoid ulcers, rubbing his skin with alcohol, keeping him covered at night, providing medication for him during his sleepless nights, draining his urine bag, and cleaning Mr. Polk and changing the bed linens following his bowel movements. These are services that three doctors said were necessary and which Mr. Tejada performed when he was present. Mr. Tejada testified that one learns this kind of nursing care from actual practice. He, as a licensed vocational nurse, received $1.69 an hour. The jury allowed Mrs. Polk, ac-

cording to computation, $1.24 an hour for a part of her service and $1.13 for the rest. An ordinary sitter would receive $1.25 an hour, according to Mr. Tejada. The jury had evidence that Mrs. Polk was performing nursing services like those performed by Mr. Tejada but allowed her the minimum that the evidence shows would be paid to one who simply sat up with a patient. We can not say there is no evidence of the value of her nursing services.

The judgments of the trial court and the Court of Civil Appeals are affirmed.