AMERICAN MOTORISTS INSURANCE
COMPANY, Appellant,

v.

Douglas J. McMULLEN, Appellee.

No. 8436.

Court of Civil Appeals of Texas,
Beaumont.

April 17, 1980.

David W. Ledyard, Beaumont, for appellant.

Thomas J. Swearingen, Port Arthur, for appellee.

DIES, Chief Justice.

This is a Worker's Compensation case. The parties will be referred to as they were below. Plaintiff, Douglas J. McMullen, injured the fingertips of his index, ring, and little fingers.

A jury failed to find that plaintiff received an injury to his hand but did find that his injuries extended to and affected his right hand. Judgment for partial, temporary disability to the hand followed, from which the insurer brings this appeal.

The defendant tendered the following instruction, which was refused by the trial court, and which is the subject of its second point of error:

"An injury to a specific member does not 'extend to and affect' other parts of the body if the use or attempted use of

the injured member merely results in pain or other subjective complaints in such other parts of the body without producing damage or harm to the physical structure of such other parts."

In *Travelers Insurance Company v. Marmolejo*, 383 S.W.2d 380, 382 (Tex.1964), the court said:

"[T]he plaintiff does not establish his right to a judgment for general disability by merely showing that a specific injury has affected the body generally and thereby caused incapacity. He must go further and obtain a finding that his incapacity was caused by an extension of the injury to some part of the body other than a specific member."

And, in *Texas Employers' Insurance Association v. Shannon*, 462 S.W.2d 559, 562 (Tex.1970), the now Chief Justice of our Supreme Court, speaking for the Court, said:

"The fact that pain alone (as distinguished from an extension of the injury) extends from an injury to a specific member of the body into the body does not make the injury a general one and will not support a finding of general incapacity."

Of course, in the case at bar, we are dealing with extension to the hand, and not a general injury, but the principle is the same.

■ It is not very often these days that an appellate court will reverse a trial court for the failure to give an explanatory instruction. See *Union Oil Company of California v. Richard*, 536 S.W.2d 955 (Tex.Civ. App.—Beaumont 1975, no writ).

But, in the instant case, the instruction was " 'necessary to aid the jury in their factual determinations.' " *Union Oil Company v. Richard*, supra at 957, and authorities there cited. We are fortified in this belief by the fact that the jury failed to find an injury to the hand itself.

The requested instruction is suggested in 2 State Bar of Texas, *Texas Pattern Jury Charges* 26.26 at 169 (1970). We sustain

this point and reverse and remand this cause for a new trial.

REVERSED and REMANDED.