**HIGHLANDS INSURANCE COMPANY, Appellant,**

v.

**Francisca MARTINEZ, Individually and as Guardian of the Person and Estate of Antonio L. Martinez, Appellees.**

**No. 01–81–0791–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 25, 1982.

Rehearing Denied June 3, 1982.

**508**

Barbara Toby Baruch, Houston, for appellant.

Larry Urquhart, Houston, for appellees.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

Appeal is made from judgment of the trial court awarding interest, attorney fees, and accrued medical expenses for the dates covered in a Industrial Accident Board successive award of medical expenses and for the additional time period to judgment of the court.

By a previously satisfied judgment, signed January 17, 1979 and not in issue here, claimant was awarded total and permanent disability benefits and accrued medical expenses. Thereafter, the Industrial Accident Board awarded claimants additional damages for medical expenses (nursing services rendered by the spouse to the injured husband). On appeal of the Board award, the trial jury awarded $20,235 for nursing care provided from January 17, 1979 to October 30, 1979; and $44,221 for nursing care from October 30, 1979 to date of verdict, July 15, 1981. The court further awarded 4% pre-judgment interest on these amounts and 25% reasonable attorney's fees.

█ By their first two points of error Highland Insurance Company (Highland) challenges the subject matter jurisdiction of the trial court to award damages for medical expenses accruing after October 30, 1979 (the date of the successive Board award).

Highland's argument is that a district court's jurisdiction to hear an "appeal" from an award of the Industrial Accident Board, when such award is for medical expenses accruing *subsequent* to the initial granting of compensation, is limited to the same period covered by the Board's award. In other words, Highland contends that in reviewing the adequacy of the successive award of the I.A.B., the district court could not award additional medical expenses for the period commencing on the date of the I.A.B.'s successive award to the date the trial court made its decision on the Board's

award for the six-month period ending with the Board's award.

The Worker's Compensation statute involved, Tex.Rev.Civ.Stat.Ann. art. 8307 § 5 (Vernon Supp.1982), states in part:

[n]otwithstanding any other provision of this law, as amended, no award of the Board, and *no judgment of the court,* having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of this law *shall include in such award or judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said award or judgment.* The first such final award or judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items, but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said award or judgment. *After the first such final award or judgment, the Board shall have continuing jurisdiction in the same case to render successive awards* to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which said employee may be entitled; *provided each such successive award of the Board shall be subject to a suit to set aside said award by a court of competent jurisdiction, in the same manner as provided in the case of other awards under this law.* (Emphasis added)

Appellant acknowledges that in an appeal from an initial Board award that finds a compensable injury and awards compensation and medical expenses, the trial court has jurisdiction to award additional medical expenses for the hiatus period after the initial Board award up to the date of the trial court judgment, citing *Transport Insurance Company v. Polk,* 400 S.W.2d 881 (Tex.1966); and *Texas Casualty Insurance Company v. Beasley,* 391 S.W.2d 33 (Tex. 1965). However, Highland reasons, such jurisdiction of the district court (to award damages for the period commencing with the Board's *initial* finding of liability and award of compensation up to the date of judgment) does not imply similar jurisdiction with regard to a trial court's review of *subsequent* or successive Board awards for medical expenses.

Appellant misinterprets the import of its first cited case. In *Polk,* the injured worker first filed a claim for compensation and medical expenses arising from an on-the-job injury that occured on January 24, 1961. Polk filed his first claim for compensation and thereafter received an *initial* Board award on April 9, 1963. Suit was filed in the district court thereon, with judgment (based on a compromise settlement agreement) on October 3, 1963. That judgment recited that it disposed of claims for damages only up to April 9, 1963—the date of the initial board award. *Transport Insurance Company v. Polk,* 388 S.W.2d 474 (Tex. Civ.App.—Fort Worth 1965, writ granted). Thereafter, a *second* or successive claim for medical expenses was filed with the Board seeking payment for medical expenses from April 9, 1963 forward. That successive claim was denied by the Board on December 17, 1963. Suit was again filed in district court on the *successive* claim for medical expenses accruing from April 9, 1963 up to the date of the trial court's judgment on the second claim. The resulting verdict and judgment awarded medical expenses up to April 26, 1964—the date of the *second* trial. In affirming both the trial court and court of civil appeals, the Court states:

Transport's jurisdictional point before this court attacks only that part of the judgment based upon [the period from the Board's denial of the successive claim up to the trial court's judgment on the successive claim]. It is our opinion that Section 5, Article 8307 permits an injured employee to recover for nursing services rendered during the time which intervenes the Board's order and the date of judgment.

*Transport Insurance Company v. Polk,* 400 S.W.2d 881, 882 (Tex.1966). While the Court's holding does not specifically mention that it applies to *successive* claims for medical expenses, the facts in *Polk* demonstrate that the Court was referring to successive claims. *Accord, Western Alliance Insurance Company v. Tubbs,* 400 S.W.2d 850 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.) (cited with approval in *Texas Employer's Insurance Assoc. v. Steadman,* 431 S.W.2d 556 [Tex.1968]).

Appellant's third, fourth, and fifth points allege error by the trial court relating to the definition and instructions on "nursing care" and nursing services.

Appellant candidly admits on oral submission that due to the contested serious nature of the injuries to Mr. Martinez, the failure of the trial court to give the requested instruction excluding the value of "usual domestic services" from the value of "nursing services" probably did not cause the rendition of an improper judgment. Tex.R.Civ.P. 434. We note additionally that the record does not include the requested instruction. Tex.R.Civ.P. 279 requires that objections to the omission in a court's charge of instructions and definitions be accompanied by a substantially correctly worded version of the definition or instruction. Whether appellant did this is unknown as the record does not include any such instruction, although one was apparently presented to the trial court.

■ Similarly, appellant's allegation of error that the definition of "nursing care" was defective has not been preserved for review. Tex.R.Civ.P. 274 states in part:

"[a] party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection." Appellant apparently made some written objection to the charge. However, the objections were not brought forward in the appellate record.

By failing to include the objections and requested instruction in the record, nothing is presented for review. *Nolan v. Bettis,* 577 S.W.2d 551, 556 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.).

### Point of Error 6

■ By their final point, appellant objects to the awarding of four percent prejudgment interest, in the amount of $3,222.80, on the value of nursing care provided to Antonio Martinez. Appellant relies on the language of Tex.Rev.Civ.Stat. Ann. art. 8306a (Vernon 1967) to support their argument. Article 8306a states in part:

[p]rovided, however, where suits are legally brought by a claimant or beneficiary under any of the provisions of this Act and recovery is had for past due weekly installments, such claimant or beneficiary shall be entitled to recover interest on such past due installments at the rate of four (4%) percent, compounded annually.

Appellant argues that the language referring to recovery ". . . had for past due weekly installments . . .", limits the award of pre-judgment interest to compensation payments made on a weekly basis.

Appellee replies by citing to *Home Life & Accident Co. v. Orchard,* 227 S.W. 705 (Tex. Civ.App.—Beaumont 1920, writ. ref'd), wherein prejudgment interest was allowed on unpaid medical expenses in summary fashion without discussion or authority, prior to the enactment of Art. 8306a.

We agree that Article 8306a does not concern itself with pre-judgment interest accruing on unpaid medical expenses. The reference to ". . . past due weekly installments . . ." clearly limits the application of the statute to past due payments of compensation. This interpretation is supported

by the fact that when Article 8306a was amended to allow interest on unpaid weekly installments, 1951 Tex.Gen.Laws, ch. 78, Sec. 2, at 127, a compensation carrier's liability for medical expenses was limited to a period ending 180 days after the date of injury. 1947 Tex.Gen.Laws, ch. 307, Sec. 1, at 521 (increasing duration of liability for medical expenses up to 180 days). Thus, the continuing liability of a compensation carrier for long term medical expenses (which might reasonably be compensated for in periodic, if not weekly, payments) had not yet arisen and was not within the contemplation of the Legislature in enacting the amendment to Art. 8306a.

Accordingly, appellant's sixth point is sustained. The trial court judgment is reformed to delete $3,222.80, the award of pre-judgment interest over the amount of damages awarded in the jury's verdict, and, as reformed, we affirm the trial court judgment.