HOUSTON GENERAL INSURANCE CO., Appellant,

v.

Wayne HAMILTON, Appellee.

No. 09 81 059 CV.

Court of Appeals of Texas, Beaumont.

April 15, 1982.

Rehearing Denied May 20, 1982.

F. William Mahley, Kent Westmoreland, Houston, for appellant.

George Chandler, Lufkin, for appellee.

DIES, Chief Justice.

This is a worker's compensation case wherein Carsun Wayne Hamilton, as plaintiff below, recovered from Houston General Insurance Company, as defendant below, compensation benefits for total and permanent incapacity, nursing care and medical expense. From this judgment, defendant brings this appeal. Herein the parties will be referred to as they were below, or as "claimant" and "insurer."

■ Defendant's first point of error urges reversal because Special Issue No. 2 was not submitted in the disjunctive; that issue and the instruction given by the court follow:

> "Do you find from a preponderance of the evidence that the injury to Plaintiff's left foot, that being the portion of the left leg below the knee, has extended to and affected any part of his body other than his left foot?"

"In answering this issue you are not to consider any extension of the injury, if any, from the foot to that portion of the leg above the knee, and you are further instructed that if you find that the injury was confined to Wayne Hamilton's left foot, you are to answer the above Special Issue, 'we do not.' You are further instructed that an injury to a specific member, that is the left foot below the knee does not extend and affect other parts of the body if the use or attempted use of the injured member merely results in pain or other subjective complaints in such other parts of the body without producing damage or harm to the physical structure of such other part."

It is true as defendant argues that our Supreme Court in *Burns v. Union Standard Ins. Co.*, 593 S.W.2d 309, 310 (Tex.1980), had under consideration the question "... whether reversible error is presented by the trial court's submission in disjunctive form of Special Issue No. 1 wherein the jury found the extent of petitioner's injury." The issue there asked if "... Plaintiff ... received an injury ... which included her hip and back, or was such injury confined to her left foot and leg below the knee?" The court held it was not error to submit it in this form and referred to *Texas Pattern Jury Charges*, § 26.15, 2 State Bar of Texas (1976 Supp.) at 26. In authorizing this form of submission, the court certainly did not declare this was the *only* way to submit the issue.

A brief recitation of the facts in the case at bar shows why the trial court submitted this issue in the fashion he did. In October of 1979 a tree fell on plaintiff while he was working in the woods of Montgomery County. Both legs, his back, and neck were injured, but the left leg was broken so badly the bone protruded through the skin. He was immediately taken to Tomball for surgery. Later there, he underwent another operation in which bone was removed from his hip and grafted into the leg. The bone did not heal; so, later in Lufkin electrodes were by surgery attached to the broken bones in an effort to promote healing.

It failed, and at the time of trial in June 1981 the break had never healed. The medical evidence questioned whether the bone would ever heal. There was also medical evidence (in addition to a painful condition of the hip from the bone removal) of severe injury to his back and nerves, as well as injury to his neck. Therefore, since his injuries were multiple, the court's manner of submission is understandable and permissible under *Tex.R.Civ.P. 227.*

The instruction given in connection with the issue (set out above) contained all of the elements of defense the insurer-defendant was entitled to receive. See *Texas General Indemnity Co. v. Glover,* 612 S.W.2d 622 (Tex.Civ.App.—Beaumont 1980, writ ref'd n. r. e.); *American Motorist Insurance Co. v. McMullen,* 598 S.W.2d 386 (Tex.Civ.App. —Beaumont 1980, no writ). See also, *Members Mutual Insurance Co. v. Muckelroy,* 523 S.W.2d 77 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.); *City of Baytown v. Townsend,* 548 S.W.2d 935 (Tex. Civ.App.Houston [14th Dist.] 1977, writ ref'd n. r. e.); *Union Oil Co. v. Richard,* 536 S.W.2d 955 (Tex.Civ.App.—Beaumont 1975, no writ). This point of error is overruled.

■ Defendant's next two points of error urge no or insufficient evidence to sustain the findings that plaintiff's injuries to his left foot extended to and affected other parts of his body other than his left foot. The fact is there is little evidence in the record that the plaintiff's injury was confined to the foot. We have briefly set out plaintiff's multiple and disabling injuries above; so, any further discussion of them is unnecessary. These points are overruled. This makes it unnecessary to address defendant's next thirteen points complaining that the evidence was insufficient to support extension of the injury from the foot to the leg. These are all overruled.

■ Defendant's seventeenth point of error urges "The judgment rendered in this case should be reversed and the cause remanded for a new trial because appellee constantly and wrongfully charged appellant with bad faith and unfair dealing throughout the trial of this action, thereby inflaming the jury and prejudicing it against appellant."

Really, while we can't condone the remarks of plaintiff's attorney, they were not all that inflammatory. And, to be fair, defendant invited them. Defendant stopped paying compensation twenty-eight weeks after plaintiff's injury when it knew he was as fully disabled as the day he was injured. After his bone graft broke, plaintiff had to wait many hours in the hospital before receiving any attention because defendant would not recognize liability. Defendant has not authorized any medical or therapy treatment. The statements by plaintiff's counsel of bad faith were made in voir dire and not only not objected to by defendant's counsel but repeated and discussed.

Both attorneys returned to the same theme in argument. We find no reversible error in this, and so overrule this point. See *Haynes v. Dunn,* 518 S.W.2d 880 (Tex. Civ.App.—Waco 1975, writ ref'd n. r. e.); *Seeley v. Eaton,* 506 S.W.2d 719 (Tex.Civ. App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.).

■ Defendant's twenty-second through twenty-fifth points complain of the award of $6,000 nursing services to plaintiff's mother and grandfather. Nursing care "as may reasonably be required" is provided by *Tex.Rev.Civ.Stat.Ann. art. 8306, § 7* (1967 and Supp.1982). It may be provided by members of the family. *Transport Ins. Co. v. Polk,* 400 S.W.2d 881 (Tex.1966); *Rendon v. Texas Employers' Insurance Association,* 599 S.W.2d 890 (Tex.Civ.App.—Amarillo 1980, writ ref'd n. r. e.); *United States Fidelity & Guaranty Co. v. Roberts,* 598 S.W.2d 49 (Tex.Civ.App.—El Paso 1980, writ ref'd n. r. e.). See also, *Maryland Casualty Co. v. Hendrick Memorial Hospital,* 141 Tex. 23, 169 S.W.2d 969, 973 (1943), wherein we see that ". . . either the injured employee, who procures them [nursing services] and pays or becomes liable for them, or the person who supplies them may recover of the insurer for the same." Plaintiff sued for nursing services, and defendant did not except to the same.

■ The evidence is undisputed that this boy needed nursing services. Almost every function had to have the assistance of his mother or, when she was at work, his ninety year old grandfather. The six thousand dollar finding was reasonable and proved up by the nursing director of a large hospital. The fact that his mother and grandfather would have helped him anyway without pay is immaterial. See *Texas Employers' Insurance Association v. United States*, 558 F.2d 766 (5th Cir. 1977), cert. denied, 439 U.S. 826, 99 S.Ct. 98, 58 L.Ed.2d 119 (1977). See also, *Standard Fire Insurance Co. v. Ratcliff*, 537 S.W.2d 355, 359 (Tex. Civ.App.—Waco 1976, no writ), and authorities cited.

By a subsequent brief, defendant has abandoned its last point or error. All points of error are thus overruled, and the judgment of the trial court is affirmed.

AFFIRMED.