John **LOWE, Jr.,** Appellant,

v.

The **ST. PAUL MERCURY INSURANCE COMPANY,** Appellee.

No. 09–86–205–CV.

Court of Appeals of Texas, Beaumont.

May 14, 1987.

Rehearing Denied June 3, 1987.

459

Blair A. Bisbey, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, for appellant.

Bill Griffey, Mills, Shirley, McMicken & Eckel, Galveston, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of a "Plea in Abatement." John Lowe, Jr., received an on-the-job injury in October 1983. This resulted in a final judgment awarding certain workers' compensation benefits, including future medical treatment. After the judgment, Lowe incurred additional medical expenses. He claimed these expenses were for the treatments of the effects of the original injury, but the carrier refused to pay the medical bills. Lowe filed suit in district court to recover the medical expenses.

The carrier filed a "Motion to Dismiss" and a "Plea in Abatement" contending the district court had no jurisdiction since the medical expenses in issue had not been presented to the Industrial Accident Board. The trial judge agreed with this contention and granted the "Plea in Abatement." We reverse.

The issue is whether a trial court has jurisdiction to hear a suit for medical expenses incurred after judgment without a claim being first presented to the Industrial Accident Board. It is clear that the Industrial Accident Board has jurisdiction to hear the additional claims under *TEX. REV.CIV.STAT.ANN. art. 8307, sec. 5* (Vernon Supp.1987). But is this jurisdiction exclusive? We think not. Jurisdiction has been held not to be exclusive in those situations when the board had made an award and expenses have occurred between the award and the trial de novo. *Standard Fire Insurance Co. v. Simon,* 474 S.W.2d 530 (Tex.Civ.App.—Dallas 1971, no writ); *Highlands Insurance Co. v. Martinez,* 638 S.W.2d 507 (Tex.App.—Houston [1st Dist.]), *writ ref'd n.r.e. per curiam,* 644 S.W.2d 442 (Tex.1982). Additionally, a claim for medical expenses is merely a claim incidental to the claim for compensation and need not be specifically adjudicated by the board. *Western Alliance Insurance Co. v. Tubbs,* 400 S.W.2d 850 (Tex. Civ.App.—Waco 1966, writ ref'd n.r.e.).

The granting of continuing jurisdiction to the board by the legislature does not act as a restriction or limiting of the court's jurisdiction to enforce its judgments. *See Transport Insurance Co. v. Polk,* 400 S.W.2d 881 (Tex.1966); *Texas Employers' Insurance Assoc. v. Steadman,* 431 S.W.2d 556 (Tex.Civ.App.—Amarillo 1968, no writ). Finally, it has been held that under an agreed judgment awarding future medical benefits it was not necessary to present the post-judgment medical claims to the board. *Kinsey v. Northern Insurance Company of New York,* 577 S.W.2d 353 (Tex.Civ.App. —Houston [14th Dist.] 1979, writ ref'd n.r. e.). We can find no compelling reason to have a different rule of law when the injured worker is entitled to future medical benefits as a result of a contested claim instead of an agreed judgment.

The order granting the "Plea in Abatement" is reversed and the cause remanded.

REVERSED AND REMANDED.