**Larry D. SINGLETON, Appellant,**

v.

**SENTRY INSURANCE, A Mutual Company, Appellee.**

No. 09–93–300 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 12, 1995.

Decided June 1, 1995.

Rehearing Overruled June 30, 1995.

James R. Wilson, Seale, Stover, Coffield & Bisbey, Jasper, for appellant.

Clay M. White, Sammons & Parker, Tyler, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

STOVER, Justice.

This is an appeal of a final judgment in a workers' compensation case in which the trial court granted the carrier a credit against the money to be received by the appellant for damages, thus reducing the appellant's recovery. The appellant (Singleton) filed this cause in district court to set aside the Industrial Accident Board decision which was rendered on September 21, 1992. The trial was to a jury which returned a verdict finding total incapacity. The trial court entered a judgment which allowed Sentry credit for payments in the amount of $49,698.56. Singleton alleges on appeal that the credit allowed Sentry includes payments by the carrier on a different Workers' Compensation claim—one that was not before the trial court and over which the trial court had no jurisdiction. The judgment of the trial court allowing the $49,698.56 credit to the carrier is affirmed.

### *Brief Synopsis of the Facts*

The appellant had worked ten of his eleven years at Lufkin Industries as a machinist when, on August 16, 1990, he sustained an on-the-job back injury. While tightening a bolt, appellant experienced immediate, excruciating pain which was ultimately diagnosed as a ruptured disk. A claim was initiated before the Industrial Accident Board.

On September 11, 1990, Singleton underwent a laminectomy wherein a disk fragment was excised at the L5–S1 (lumbar 5 and sacral 1) location. Although appellant was off work approximately four months, he eventually returned to work on "light-duty" status. Sometime later, he returned to "full-duty" status in the position which he had occupied prior to his injury.

On June 25, 1991, appellant left work, unable to continue because of pain. On August 28, 1991, a second laminectomy was performed on the appellant at the L5–S1 level. It is disputed whether the second surgery was the result of a second injury or whether the matters at issue herein are all part of the August 1990 injury.

On September 28, 1992, the appellant filed his original petition in the District Court of Angelina County seeking, in addition to other relief, 401 weeks of Workers' Compensation benefits at the rate of $238 per week. The appellant's petition alleged August 16, 1990, as his date of injury.

■ In his first two points of error, appellant alleges that the trial court erred in entering judgment upon Sentry's Motion for Judgment and in denying appellant's Motion for Judgment. The basic contention by Singleton is that there were two separate injuries, one in August 1990 and another in June 1991, and that the trial court erroneously allowed Sentry credit for benefits paid on the second claim, which the trial court had no jurisdiction over. Immediately prior to the beginning of trial, the judge indicated, after a discussion with the attorneys, that he was going to treat the matter as one injury, rather than two. The trial proceeded in that fashion with the court allowing into evidence, over appellant's objection, testimony regarding the amounts of workers' compensation benefits paid to Singleton ·on both of the alleged claims.

In spite of the court's treatment of the case as one injury, none of appellant's points of error complain of the sufficiency of the evidence regarding the one injury standard. Indeed, appellant's first three points of error are based on the presumption that two separate injuries occurred and that the court assumed jurisdiction over a second injury. Appellant, however, fails to raise a point of error regarding the treatment of the matter as one injury. Moreover, although appellant's first two points of error are predicated on the assumption of the existence of two injuries, resulting in the filing of two separate claims with the IAB or Workers' Compensation Commission, we are not permitted to adopt appellant's "two injury" presumption merely because his attorney claims there are two injuries.

With regard to appellant's second claim or second injury argument, the burden is on the party seeking review to see that a sufficient record is presented on appeal to show error requiring reversal. TEX.R.APP.P. 50(d). *Christiansen v. Prezelski*, 782 S.W.2d 842,

843 (Tex.1990). When one reviews the record in an effort to find factual support for the legal argument that the court exercised jurisdiction over a second claim, the most that can be found are two pages from appellee's custodian of records indicating certain payouts to Singleton by the carrier. Each of these pages indicates a separate number. The sheets are not admitted into evidence; they are merely attached, along with a sponsoring affidavit, to one of appellee's trial briefs. No other documentary or testimonial evidence exists in the record to explain the origin or reason for the existence of "claim number 81C085372 A" on one of the sheets. The sheets do not establish whether there was one or two injuries. At a discussion before the bench immediately prior to trial, the attorneys and the trial judge considered that very issue. Appellant argued that two injuries occurred; in contrast, appellee contended that the evidence would show only one injury. At that point the trial judge determined that he would treat the matter as a one injury case.

The Court: Has the—whatever was before the IAB in—as a result of '91 injury or aggravation, whatever you want to call it—has it been finalized?

[Defense Counsel]: Yes, that was finalized.

The Court: It's not appealed, and there's not a lawsuit as a result of—

[Defense Counsel]: Excuse me?

The Court: It's not been appealed—I mean, there's not a lawsuit—

[Defense Counsel]: On the IAB?

The Court: Yes.

[Defense Counsel]: Now, what the statement or position was on the IAB hearing regarding this matter was the 1990 and the alleged aggravation, according to his statement and position.

The Court: Well, I would assume that once the IAB has made an award, if they had made an award in their '91 file—that's what I'm asking. Have they made an award?

[Defense Counsel]: Judge, there wasn't an IAB as far as the '91 aspect of it. There was a September '92 hearing, and

that included the 1990 and '91 matter. His statement and position basically says 1990, an aggravation.

[Plaintiff's Counsel]: I can make no representation about '91, Your Honor. I expressly told the carrier I couldn't represent the man in the 1991 injury and did not do so. And he was free to go to his hearings and such on his own.

The Court: Well, I would assume, if there's no lawsuit involved in it, I'm going to treat it all as one, will be my position, and then you can take it from there.

The trial court expressly did not take jurisdiction over anything other than the one injury in August 1990 and the claim regarding it. There is no factual basis in the record to support the legal argument that the trial court exercised jurisdiction over a second claim. It is incumbent upon appellant to bring forward a record supporting his argument and showing error requiring reversal. *Budd v. Gay,* 846 S.W.2d 521 (Tex.App.— Houston [14th Dist.] 1993, no writ.) Appellant has not done so; his first two points of error presuppose two injuries when, in fact, he has presented no point of error pointing to testimonial or documentary evidence in the record of the existence of two injuries. Points of error one and two are overruled.

In point of error number three, appellant asserts that the trial court erred by allowing appellee the benefit of contribution from a subsequent injury when the appellee did not plead for contribution, when a subsequent compensable injury was not proven, and when no question concerning contribution was submitted to the jury. The problem with point of error three is the same as that with points of error one and two. Appellant again engages in the presumption that, as a matter of law, the existence of two injuries is the only standard by which we are to examine the trial court's actions. However, other than argument by counsel, and the aforementioned sheets attached to appellee's trial brief, which were never admitted into evidence, there is simply no documentary or testimonial evidence in the record before us that another claim or injury was before the court. Since appellant is claiming that Sentry was allowed the benefit of contribution

from a subsequent injury, appellant has the burden of presenting a sufficient record on appeal of the existence of a second injury. TEX.R.APP.P. 50(d). Point of error three is overruled on the same grounds as points of error one and two.

In point of error number four, Singleton alleges that the trial court erred by failing to exclude certain evidence which appellee had a duty to provide in its supplemental response to interrogatories. In its answer to Singleton's interrogatory No. 13, which inquired of any disability benefits paid to Singleton in connection with the injury made the basis of this suit, Sentry identified $24,500 of payments and advances. At trial, however, Sentry sought recovery for $49,698.56 in payments made to appellant and introduced evidence of payments totalling that amount.

 Appellant objected at trial to the introduction of evidence regarding the $49,698.56 payments made to appellant on both of the alleged claims; however, appellant's objection was limited to an assertion that the court had no jurisdiction of the 1991 claim and, thus, could not consider the payments made by the carrier on the later claim. On appeal, however, appellant couched his objection in terms of Sentry's failure to include the sums paid on the 1991 injury in Sentry's answers and supplemental answers to interrogatories. Because appellant's objection to the admission of evidence on appeal is different from his objection at trial, any error as to admission of said evidence is not preserved for appellate review. *Haryanto v. Saeed*, 860 S.W.2d 913, 921 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Exxon Corp. v. Allsup*, 808 S.W.2d 648, 655 (Tex.App.—Corpus Christi 1991, writ denied). Point of error four is overruled.

In point of error five, appellant alleges that the past due benefits are incorrectly calculated and that the judgment of the trial court does not include prejudgment interest. Pursuant to TEX.REV.CIV.STAT.ANN. art. 8306a (Vernon 1967) (repealed 1991), appellant is entitled to prejudgment interest on past due weekly installments. *Standard Fire Ins. v. Morgan*, 745 S.W.2d 310 (Tex. 1987); *Highlands Ins. Co. v. Martinez*, 638 S.W.2d 507, 510–511 (Tex.App.—Houston

[1st Dist.]), *writ ref'd per curiam, Martinez v. Highlands Ins. Co.*, 644 S.W.2d 442 (Tex. 1982). However, the record on appeal is again deficient regarding the number of unpaid weekly installments at the time of trial. No testimony or documentary evidence is presented on that issue. The record contains only a post-trial pleading entitled "Plaintiff's Calculation of Judgment" in which appellant sets out his version of the correct calculations. There is no stipulation, no testimony, or other evidence in the record of the amount or number of past due weekly installments. Consequently, any error in failing to award prejudgment interest is waived.

In regards to the actual amount of credit allowed Sentry, there was sufficient testimony in the record by Singleton himself as to the payments which he actually received and for which Sentry seeks credit. Such testimony is adequate to support the trial court's determination of the $49,698.56. Point of error five is overruled.

Judgment of the trial court is affirmed.