

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00254-CV

**IN RE LIBERTY MUTUAL FIRE INSURANCE COMPANY**

Original Mandamus Proceeding[1]

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 30, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The motion for rehearing filed by real party in interest Julian T. Morales on July 16, 2014 is denied. This court's opinion and order dated July 2, 2014 are withdrawn. This opinion is substituted for the previously issued opinion.

On April 11, 2014, relator Liberty Mutual Fire Insurance Company filed a petition for writ of mandamus, complaining of the trial court's order denying Liberty Mutual's plea to the jurisdiction in the underlying suit over workers' compensation benefits. We conclude the trial court abused its discretion in denying Liberty Mutual's plea to the jurisdiction. Therefore, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 09-03-11925-ZCV, styled *Julian T. Morales v. Liberty Mutual Fire Insurance Company*, pending in the 365th Judicial District Court, Zavala County, Texas, the Honorable Amado J. Abascal III presiding.

## BACKGROUND

While working for Richter Bakery in 1984, Morales was injured in a single-vehicle automobile accident. Morales submitted his claim for workers' compensation benefits to the Industrial Accident Board.[2] Liberty Mutual disputed Morales's entitlement to benefits and, ultimately, Morales sought a trial de novo in the district court from a judgment of the IAB. In the 1989 suit against Liberty Mutual as the workers' compensation carrier for his employer, a jury found that Morales had been injured in the course of his employment and that such injury was a producing cause of his total and permanent disability. Morales obtained a judgment in 1990 which set aside the prior award of the IAB and included monetary awards for past and future lost wages, past and future nursing services, and "all medical aid, hospital services, chiropractic services, medication and medicines, and all other health care services not otherwise provided for herein, reasonably required . . . to cure and relieve him from the effects naturally resulting from the injuries which he suffered on or about December 7, 1984."

This court modified the 1990 Judgment on direct appeal in Appeal No. 04-90-00235-CV, styled *Liberty Mutual Fire Insurance Company v. Morales*. Based on the Workers' Compensation Act applicable to Morales's claim and its own prior decisions, this court held that the Act "prohibited the rendition of an award or judgment for future medical expenses in a workers' compensation case."[3] Accordingly, the court reformed the 1990 Judgment to eliminate the lump

---

[2] The former Industrial Accident Board later became the Texas Workers' Compensation Commission and is now known as Workers' Compensation Division of the Texas Department of Insurance.

[3] The parties agree that Morales's claims are governed by the Workers' Compensation Act in effect at the time of his injury in 1984. *See* Act of Mar. 28, 1917, 35th Leg., R.S., ch. 103, 1917 Tex. Gen. Laws 269, 269 (repealed 1989) (current version of Texas Workers' Compensation Act at TEX. LABOR CODE ANN. ch. 408 (West 2006 & Supp. 2014)); *see also City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (statute in effect at the time of injury controls). The Act was further revised in 1989 with revisions not taking effect until January 1, 1991. *See* Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, 1989 Tex. Gen. Laws 1, 115.

sum award for future nursing services and "to provide for recovery of future nursing services if, as, and when such services are actually furnished."

Liberty Mutual paid Morales his past and future wages, as well as the award for past nursing services in accordance with the 1990 Judgment, as modified. Over the years since the 1990 Judgment, Morales and Liberty Mutual have resolved and settled several disputes regarding the payment of Morales's on-going benefits. One of those disputes resulted in a written settlement agreement between the parties in 1997.

Morales filed the underlying lawsuit in March 2009. In this suit, Morales has asserted causes of action against Liberty Mutual for breach of contract, enforcement of the 1990 Judgment, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. Morales alleged that Liberty Mutual has denied or delayed payment or authorization for certain unspecified medical services on "numerous occasions" when liability for such payment was "reasonably clear." Liberty Mutual filed a plea to the jurisdiction seeking to dismiss Morales's suit on the basis that Morales failed to exhaust available administrative remedies with the Texas Department of Insurance Division of Workers' Compensation prior to seeking relief in the district court. After a hearing, the trial judge signed an order denying Liberty Mutual's plea to the jurisdiction on March 20, 2014. This original mandamus proceeding followed.

## ANALYSIS

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). The improper denial of a plea to the jurisdiction is generally not reviewable by mandamus because it involves a question of law which can be addressed by ordinary appeal. *See In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003). However, when a party's plea seeks dismissal based on the failure to exhaust administrative remedies, an erroneous

denial of the plea to the jurisdiction is correctable by mandamus. *See In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328-29 (Tex. 2009); *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007).

There are two broad types of disputes regarding workers' compensation benefits — one involving compensability and the extent of the claimant's injury, and the other involving the reasonableness and medical necessity of particular treatments to address that injury. *See Thomas v. Am. Home Assurance Co.*, 403 S.W.3d 512, 518 (Tex. App.—Dallas 2013, no pet.). Each type of dispute is governed by different procedures in the Workers' Compensation Act. Both types of disputes require the exhaustion of administrative remedies. *Id.* The exhaustion of administrative remedies as to one does not relieve the claimant of the obligation to exhaust them for the other. *Id.*; *see also Cunningham Lindsey Claims Mgmt., Inc. v. Snyder*, 291 S.W.3d 472, 478-79 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Only after a claimant has exhausted administrative remedies is he able to seek judicial review of the agency's decision in the district court. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). The district court's jurisdiction over workers' compensation disputes is appellate in nature. *Saenz v. Fidelity Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996) ("the Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission (formerly the Industrial Accident Board), subject to judicial review"); *Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 529 (Tex. 1974); *Ankrom v. Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d 75, 77 (Tex. App.—Dallas 1995, writ denied).

It is undisputed that Morales did not seek any determination from the DWC regarding the unspecified health care benefits he alleges Liberty Mutual has denied or delayed or refused to pay or authorize in the underlying lawsuit before seeking relief from the district court. As a result, there

has been no determination by the DWC that the specific services and treatments at issue are reasonable and necessary to treat effects naturally resulting from Morales's compensable injury.

Article 8307, section 5 of the pre-1989 Act provided, "All questions arising under this law, if not settled by agreement of the parties . . . shall, except as otherwise provided, be determined by the Board." Act of May 23, 1977, 65th Leg., R.S., ch. 412, § 1, 1977 Tex. Gen. Laws 1113, 1113 (TEX. REV. CIV. STAT. ANN. art. 8307, § 5), *repealed by* Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10), 1989 Tex. Gen. Laws 1, 114). The failure to obtain an administrative ruling on an issue arising under the workers' compensation statute prevents a party from later invoking the jurisdiction of the court to resolve the issue. *Ankrom*, 900 S.W.2d at 77. The requirement that a claimant must exhaust administrative remedies before seeking relief from a district court applies even after the carrier's liability for future benefits has been established. *See Paradissis*, 507 S.W.2d at 529-30 (affirming dismissal of action in district court for failure to exhaust administrative remedies as to continuing medical services).

While Morales is entitled to on-going health care benefits for his work-related injury as a result of the 1990 Judgment, subsequent disputes about whether specific treatments are reasonably, medically necessary must first be pursued administratively. *See Liberty Mut. Fire Ins. Co.*, 295 S.W.3d at 328. Nothing in the 1990 Judgment or the 1997 Settlement Agreement dispenses with that requirement. *See id*.

The district court's concurrent jurisdiction with the DWC extends to expenses incurred between the date of the agency's final award and the date of the trial court's judgment after trial de novo on appeal from that award. *See Transport Ins. Co. v. Polk*, 400 S.W.2d 881, 882-83 (Tex. 1966); *Western Alliance Ins. Co. v. Tubbs*, 400 S.W.2d 850, 852 (Tex. Civ. App.—Waco 1965, writ ref'd n.r.e.). Subsequent disputes regarding medical expenses incurred after the date of the judgment, however, must still be considered by the DWC before the court can exercise jurisdiction

over the disputed benefits in a trial de novo appeal. *See Tubbs*, 400 S.W.2d at 852 (acknowledging that, under the Act, an administrative claim and final decision are prerequisites to the court's jurisdiction to adjudicate compensation and that the court's jurisdiction is limited to expenses for items furnished before the date of the judgment).

The version of the Act applicable here provides that a judgment of general entitlement to medical benefits "shall not be res judicata of the obligation of the [carrier] to furnish or pay for any [medical services] after the date of said award or judgment." *See* Act of May 23, 1977, 65th Leg., R.S., ch. 412, 1977 Tex. Gen. Laws 1113, 1114 (repealed 1989). The agency is given continuing jurisdiction to render successive awards regarding the carrier's obligation to pay for such services and the Act provides that "[a]ll questions arising under this law . . . shall . . . be determined by the Board," unless otherwise provided. *Id*. at 1113. Here, we find nothing in the Act which excepts the determination of the disputed post-1990 Judgment medical expenses from the administrative process.

Morales is correct that the district court retains jurisdiction to enforce its judgment, however, the 1990 Judgment, as reformed, does not contain any award for future medical benefits. The 1990 Judgment establishes Liberty Mutual's liability for providing payment for health care services "reasonably required . . . to cure and relieve [Morales] from the effects naturally resulting from" his compensable injury. The initial determination as to whether a disputed treatment or service is reasonable, necessary and related to the compensable injury must still be made through the administrative process provided for in the Act.

In support of his contention that the district court has concurrent jurisdiction with the DWC over the disputed post-1990 Judgment benefits, Morales relies upon the case of *Lowe v. St. Paul Mercury Ins. Co*., 730 S.W.2d 458 (Tex. App.—Beaumont 1987, writ ref'd). Subsequent Texas Supreme Court cases have held to the contrary. *See Rhule*, 417 S.W.3d at 443 (concluding district

court lacked jurisdiction to determine post-judgment disputed claims absent exhaustion of remedies); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001) (holding only the Commission can determine an entitlement to benefits and court cannot award them except on appeal from a Commission ruling); *Saenz*, 925 S.W.2d at 612 ("[T]he Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission (formerly the Industrial Accident Board), subject to judicial review.").

### *The 1997 Settlement Agreement*

Morales contends that language contained in the parties' 1997 Settlement Agreement gave the trial court jurisdiction over disputes concerning his future medical benefits, thereby relieving him of the obligation to exhaust administrative remedies. Specifically, Morales relies upon the following language from the 1997 Settlement Agreement:

> 4.6 The parties further agree that should any dispute arise with respect to Morales' entitlement to life-time medical and other benefits to which he is entitled pursuant to the Judgment in the Workers' Compensation case . . . such disputes shall first be subject to non-binding mediation. If any dispute is not resolved through non-binding mediation, venue shall lie in the District Court of Zavala County, Texas.

This provision may perhaps be enforceable as a contractual venue agreement, but it cannot provide subject matter jurisdiction where there is none. *See, e.g., Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010) (parties cannot confer subject matter jurisdiction by agreement). The settlement agreement also provides that disputes "shall be governed by the laws of the State of Texas and the rules of the Texas Workers' Compensation Commission applicable to this case." We conclude that nothing in the 1997 Settlement Agreement relieves Morales of the obligation to submit disputed claims for post-judgment benefits to the DWC prior to filing suit in the district court.

### *Morales's other claims*

Morales contends that his claims for misrepresentation pursuant to section 541.061 of the Texas Insurance Code are not required to be submitted to the DWC before a district court may

exercise jurisdiction over them. *See Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012). Morales seeks to recover as damages the costs of the medical treatments he claims to have avoided because of his reliance on Liberty Mutual's alleged misrepresentations. We conclude that Liberty Mutual's obligation to pay these disputed expenses is an issue which must first be determined by the administrative process before the district court may exercise jurisdiction to review the administrative determination. Accordingly, Liberty Mutual's plea to the jurisdiction as to this cause of action should also have been granted. *See Saenz*, 925 S.W.2d at 613.

## CONCLUSION

Based on the foregoing analysis, we conclude the trial court abused its discretion in denying Liberty Mutual's plea to the jurisdiction. Therefore, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its March 20, 2014 order denying Liberty Mutual's plea to the jurisdiction and enter an order dismissing Morales's claims for lack of subject matter jurisdiction. TEX. R. APP. P. 52.8(c); *see In re Sw. Bell Tel. Co.*, 235 S.W.3d at 627. The writ will issue only if the trial court fails to comply within ten days from the date of this court's order.

Luz Elena D. Chapa, Justice