## LUMBERMEN'S RECIPROCAL ASS'N v. WILMOTH et al. (No. 957—5102.)

Commission of Appeals of Texas, Section B.
Jan. 23, 1929.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

C. F. Cornell and Cooper & Lumpkin, all of Amarillo, for defendants in error.

LEDDY, J. Defendants in error sued to set aside an award of the Industrial Accident Board in the case of G. T. Wilmoth, employé, against it as insurer and Weeks and Bagwell as employers.

That portion of the judgment awarding Drs. Lumpkin and Marsalis $876 is assailed because it includes $442 for medical services rendered the claimant by said physicians after the expiration of the first four weeks following the injury. This objection must be sustained. Rights of parties under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) arise from and are measured by the terms embodied in such act. Moody v. Industrial Accident Commission (Cal. App.) 260 P. 967.

Section 7 of article 8306, R. S. 1925, provides: "During the first four weeks of the injury, dating from the date of its infliction, the association shall furnish reasonable medical aid, hospital services and medicines." In the same section provision is made for the extension of additional hospital facilities upon certificate of the physician, but nowhere does the act attempt to extend liability for medical services beyond the first four weeks following the injury. That it was intended to limit the medical services to the four-week period is made manifest by the terms of the act with reference to the extension of hospital services, where it is provided: "Such additional hospital services as are herein provided *shall not be held to include any obligation*

*on the part of the association to pay for medical or surgical services not ordinarily provided by hospitals as a part of their services."* Not only does the act make no allowance for medical services beyond the first four weeks, but the above language expressly negatives the right to extend such period.

It is next complained that the judgment in favor of Dr. Carroll for $60 for furnishing first aid to the injured claimant is not authorized by the Compensation Act, because it appears that he had never presented his claim to the Industrial Accident Board for adjudication. He was permitted to intervene in the claimant's suit, without having presented his claim to the Industrial Accident Board. The trial court erred in not dismissing such intervention.

Under the Workmen's Compensation Act, the claim in question was required to be presented to said board for adjudication, and until it was so presented the district court was without authority to consider same. Section 5 of said act (article 8307) reads as follows: "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the board." Said act contains the further stipulation: "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall, within twenty days after the rendition of said final ruling and decision by said board, give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision," etc.

The jurisdiction of the district court under this act is appellate rather than original, the trial therein being de novo. By express provisions, all claims arising under the act, unless excepted by some provision thereof, must first be presented to the board for adjudication, and, if the party presenting such claim is not satisfied with the ruling of the board thereon, he may then, in accordance with the terms of the act, bring suit in the proper court to set aside the ruling or decision complained of.

Lastly, it is insisted that special issue No. 1, submitted by the trial court, was duplicitous and multifarious, in that it combines two separate and distinct issues, capable of being answered differently. The special issue complained of reads as follows: "Was or not the injury received by G. T. Wilmoth such as to totally and permanently incapacitate him from following any gainful occupation?"

We think the special issue is subject to the objection urged. The statute (article 2189,

R. S. 1925) requires that special issues shall be submitted distinctly and separately. This issue, in the form submitted, combined two separate and distinct questions of fact, one of which might be answered by the jury in the negative, and the other in the affirmative, or vice versa. A disability may be total, but temporary, or it may be permanent, but partial. The questions as to the totality of the incapacity and the duration of the injury should have been submitted as separate issues. Western Indemnity Co. v. MacKechnie (Tex. Civ. App.) 214 S. W. 456; Railway Co. v. Turner (Tex. Civ. App.) 199 S. W. 868; Tel. & Tel. Co. v Andrews (Tex. Civ. App.) 169 S. W. 218; North v. Atlas Brick Co. (Tex. Civ. App.) 281 S. W. 608.

Inasmuch as it appears from the undisputed evidence that the claimant's injury was total and permanent, the error in submitting this issue becomes harmless.

We recommend that the judgment in favor of Dr. W. A. Carroll be reversed and dismissed, and the judgment in favor of Drs. Lumpkin and Marsalis be reformed, so as to decree a recovery in their favor against plaintiff in error for the sum of $434, and that, as reformed, the judgment of the trial court and the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed, and, as reformed, affirmed as to Drs. Lumpkin and Marsalis, but as to Dr. Carroll said judgments are reversed, and the action by him is dismissed, as recommended by the Commission of Appeals.