## CHOATE v. HARTFORD ACCIDENT & INDEMNITY CO.

### No. 1014.

Court of Civil Appeals of Texas. Eastland.
Nov. 4, 1932.

Rehearing Denied Dec. 9, 1932.

Grisham, Patterson & Grisham, of Eastland, for appellant.

Eckford & McMahon, of Dallas, for appellee.

FUNDERBURK, J.

W. M. Choate sued Hartford Accident & Indemnity Company to set aside an award of the Industrial Accident Board and to recover compensation insurance. The claim as made to said board was for an injury received on August 31, 1930, in the nature of burns, resulting from the ignition of gas in a pit in which Choate was working upon a pipe line as an employee of the Lone Star Gas Company. The injury was described as "the complete loss of the sight of his left eye," and it

was further stated: "Claimant also sustained other painful burns and permanent scars; however, he only places claim for the specific injury of the loss of the left eye." There was no question as to the jurisdiction of the Industrial Accident Board or of the due filing of the suit on February 9, 1931, after proper notice as respects the claim for the loss of an eye. By an amended pleading filed September 30, 1931, plaintiff, in addition to the claim of compensation for the loss of his eye, sought compensation for a permanent partial incapacity resulting from the same accident, the allegations being, in effect, that, by reason of the burns in and about his throat, when he would stoop over to lift anything he experienced a choking sensation, like tying a cord tight about some member of the body, forcing him from the intensity of the feeling to stand up and desist from such employment. For this cause it was alleged that his earning capacity was impaired 50 per cent.

The jury found, in answer to one special issue, that the injury of the plaintiff did not result in the loss of his left eye. It was further found, however, that he sustained the alleged injury to his throat which resulted in permanent partial incapacity of 35 per cent., and that his average weekly wage at the time of the injury was $25. It was further found that the case was one in which manifest hardship would result if payment was not made in a lump sum.

*Both parties urged motions for judgment.* The motion of the defendant was granted. The judgment recites that a plea to the jurisdiction filed by the defendant was temporarily overruled, but after verdict upon reconsideration was sustained. This action of the court was based upon the conclusion that the claim for which the jury rendered verdict in favor of the plaintiff was never presented to or acted upon by the Industrial Accident Board, and that therefore the court was without jurisdiction to adjudicate the same. From the judgment for defendant, rendered notwithstanding the verdict, plaintiff has appealed.

█ The controlling question presented is: Did the trial court err in sustaining defendant's plea to the jurisdiction of the court? If the injury, which plaintiff claimed had resulted in the loss of his left eye, was a separate and distinct injury from the burns in and about his throat which resulted in the partial permanent incapacity, as found by the jury, then the court, by such action, did not err, since unquestionably the jurisdiction of the court to award compensation for an injury was confined to the same injury passed upon by the Industrial Accident Board.

██ The Workmen's Compensation Law (R. S. 1925, arts. 8306 to 8309) defines the word "injury" as therein used as follows: "The terms 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom." Article 8309, § 1, subd. 5. By a process of judicial construction, the validity of which we need not stop to discuss, since the proposition seems too well settled to justify any holding by us to the contrary, there is read into this definition of "injury" the element of accident. Middleton v. Texas P. & L. Co., 108 Tex. 109, 185 S. W. 556, 560; South Western Surety Ins. Co. v. Owens (Tex. Civ. App.) 198 S. W. 662; Texas Employers' Ins. Co. v. McGrady (Tex. Civ. App.) 296 S. W. 920; Barron v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464. In the case first cited, the Supreme Court, speaking generally of the Workmen's Compensation Law, said: "Notwithstanding the breadth of some of its terms, its evident purpose was to confine its operation to only *accidental* injuries and its scope is to be so limited. * * * The injuries, or wrongs, with which it deals are *accidental* injuries or wrongs." (Italics ours.) The practical effect of these holdings is to modify the statutory definition of "injury" so as to make it mean "damage or harm to the physical structure of the body caused by accident, and such diseases or infection as naturally result from such damage or harm." If the term "injury" be given this meaning, it is readily apparent that the accident which produces an injury is a most effective means of identifying the injury, as well as the claim for compensation therefor. The identification of an accident, together with any particular effect thereof which consists of damage or harm to the physical structure of the body, is a sufficient identification of an injury to clothe the court with jurisdiction to set aside an award respecting it, and to adjudge compensation for the *full extent* thereof. It is not necessary to such jurisdiction that the full extent of the injury (meaning thereby every effect of the particular accident consisting of damage or harm to the physical structure of the body) may have been presented to, or was considered by, the Industrial Accident Board.

█ In this case the accident was a fire. A spark from a pick struck against a pipe line emitting gas, and, causing an ignition of the gas, burned the plaintiff. The accident, both in the claim to the Industrial Accident Board and in the pleadings in the suit, was identified as to its date, manner, and place of occurrence. The burn was certainly an effect of such accident properly to be described as "damage or harm to the physical structure of the body." That there was presented to the board, and the board considered, only one particular part of the total effect of the accident, namely, the loss of an eye, no more restricts the power of the court to award compensation to include other effects of the said accident than it would to award compensation to include the results of a subsequently developing disease resulting from the burn,

but not presented to or considered by the board.

██ Under the law, injuries which may be compensable, all being results of accident, are of two classes—specific and general. Specific injuries are compensable per se. General injuries are compensable if and when they result in incapacity. We believe it a fair interpretation of the law, at least as determinative of jurisdiction, that all the results of a particular accident are to be claimed as one injury. There is never any necessity that different parts of the total result of one accident be presented to and passed upon by the Industrial Accident Board as separate claims.

█ We are not without authority in the decisions of our own courts to support our conclusions, at least as to the result of same. The same question was involved in Texas Indemnity Ins. Co. v. Bridges, 52 S.W.(2d) 1075, 1078, recently decided by this court. There the injured employee, in giving notice of his injury, specified only injury to his foot. Upon the trial in court he recovered upon allegations and proof of an injury to his back. It was contended that no notice had been given of an injury to his back and that therefore the court did not have jurisdiction to award recovery for such injury. This court overruled the contention and held: "The statute merely requires that 'notice of the injury' be given the association or subscriber within 30 days after the happening thereof. It does not specify that the injury must be described *in detail and with formality*." (Italics ours.) In Standard Accident Ins. Co. v. Williams, 14 S. W.(2d) 1015, 1016, Judge Speer of the Commission of Appeals said: "But we take the rule to be, if an injury to a specific member does *not stop with the injury to or loss of that member*, but for any reason *continues as an injury* affecting the body to such extent as to result in permanent or partial total disability, a recovery may be had therefor, even exceeding the statutory compensation for the complete loss of that member. In such a case, the injury is general and not confined to the specific member." (Italics ours.)

It thus appears that a general injury may include a specific injury, which is but another way of saying that, if the total effect of an accident be not confined to the damage or harm to the physical structure of a particular member of the body for which the law authorizes a particular definite compensation in lieu of all other compensation, then the entire effect is the injury to be compensated. In Ætna Life Ins. Co. v. Culvahouse (Tex. Civ. App.) 10 S.W.(2d) 803, 805, medical, hospital, and doctor's bills not presented to or acted upon by the Industrial Accident Board were recovered in the subsequent suit in court. Held, " * * * where the claim sought to be established in the suit to set aside the award is the same general claim as that asserted before the Accident Board, the action is maintainable with reference to every item or claim that could have been asserted before the Accident Board, or finding that such board could have made." While in the Culvahouse Case the question was with reference to a part only of the *compensation* to be allowed, rather than as to a part of the *injury* to be compensated, the one no less than the other is a component part of a claim, and the controlling question is one of the identity of the claim or the injury. In New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 283 S. W. 261, 263, it was said: "When the award of the board was appealed from by suit initiated in the district court, the trial was de novo, and appellee had the right to testify to such injuries as *then* appeared to have been done him. He, it is true, would not be permitted to bring in a new cause of action, but *injuries which he claimed to have been occasioned him from the same accident that caused those presented to the board* certainly would not be classed as a new cause of action." (Italics ours.)

The italicized portion of the preceding quotation accords exactly with our views as above indicated. No doubt one of the more important facts going to show the identity of an injury would be the date, but in Security Union Casualty Co. v. Frederick (Tex. Civ. App.) 295 S. W. 301, the alleged date was held to be not necessarily controlling as against other facts sufficiently identifying the injury or claim.

█ For determining jurisdictional questions the decisive test, we think, is the identity of the injury involved, and that identity is shown when any part of the total effect of a particular accident consists of damage or harm to the physical structure of the body of the alleged injured employee.

█ We conclude that the trial court erred in sustaining the plea to the jurisdiction; that appellant's judgment for motion in his favor should have been granted, except as to the allowance of a lump sum, the provisions for such an allowance not appearing to be applicable in a claim for permanent partial incapacity. R. S. 1925, art. 8306, §§ 15 and 15a.

It therefore becomes our duty to reverse the judgment of the court below and to render judgment for the appellant awarding him recovery of $5.25 per week for 300 weeks from and after September 7, 1930, and for costs of suit, all of which is accordingly so ordered.

### On Rehearing.

█ Appellee, in its motion for rehearing, makes a very serious challenge of the correctness of our decision by pointing out that, under the law as we have construed it, it would be impossible in some cases to determine from the claim passed upon by the Industrial Accident Board what court would have jurisdiction to hear a contest of the award and to adjudge compensation. It is suggested by way

of illustration that, had the employee lost his fourth finger (for which the maximum compensation allowed is $300), and had filed his claim stating: "Claimant also sustained other painful burns and permanent scars; however, he only places claim for the *specific injury of the loss of his fourth finger,*" in such case only the county court would have had jurisdiction and certainly could not have awarded recovery to cover additional injury, as in this case. It must be conceded that, under present decisions, if such had been the case, the employee could not have extended his claim in court beyond that which was before the board, as has been permitted in this case. But to treat this fact as a sufficient reason to deny such extension of the claim would, we think, bring us in direct conflict with the decisions cited, and under the authority of which, such extension has been allowed, and unnecessarily so.

The real question presented is probably one of waiver. No waiver was alleged nor adjudicated, and we have not regarded such a question as being involved in the case. We are not disposed now to consider that question and undertake to dispose of the case upon that theory, involving as it would a question of the necessity of pleading the waiver, and whether, if it should be determined that it arose as a matter of law without such pleading, it in fact constituted a waiver. The question would be purely one of waiver and not of estoppel, for, so far as the record suggests, appellee is in no worse position than if the employee had merely claimed before the board the loss of his eye without any mention of the other injuries, in which case, certainly, we think, under the authorities, there would have been no obstacle to his enlarging the claim in court so as to include the additional extent of the injury.

Anything we may say on the jurisdictional question thus raised by way of argument against the correctness of our holding would, of course, be simply dictum unless we should sustain the motion upon that ground. It may not be amiss to say, however, merely by way of showing that there is no insuperable objection to the validity of our conclusions, that the supposed case but suggests a possible defect in the law itself. If, for example, the Constitution requires that a claim for the loss of the fourth finger be brought in the county court, then, of course, it would have to be brought there, and if the effect of doing so would be to deprive the injured employee of compensation for a part of his injury, that result would simply follow from the failure of the law to make adequate provision for recovery, under the particular facts, for the full extent of the injury. The insurer in all cases could, no doubt, bring its suit in a court having jurisdiction of the maximum amount of the claim that could have been allowed by the board, even if the effect thereof would be, because of the lack of jurisdictional authority of the court, to deprive the employee of compensation for a part of the injury. On the other hand, we see no reason why, if, at the time required to contest the award, other manifestations of the injury than those considered by the board had developed so as to justify recovery of a larger maximum amount as compensation, the employee could not file his case in a court having jurisdiction according to the pleadings, even though that court would not have had jurisdiction of the claim as it appears when presented to the board. If it should result that the insurer files suit to set aside the award in one court and the employee in another, then in the absence of a challenge of the good faith of the employee's suit, the other could be safely abandoned. These suggestions are not made to be regarded as an authoritative decision of these questions, but, as we have said before, merely to show that the jurisdictional question presents no insuperable barrier to the validity of our conclusions set forth in the original opinion.

We are therefore of opinion that the motion for rehearing should be overruled, which is accordingly so ordered.