## MARYLAND CASUALTY CO. v. MOORE.
### No. 9404.

Court of Civil Appeals of Texas. San Antonio.

July 25, 1934.

Rehearing Denied Oct. 3, 1934.

R. H. Mercer, of San Antonio, for appellant.

K. K. Woodley, of Sabinal, for appellee.

## 770

SMITH, Justice.

Appellee was awarded compensation by the Industrial Accident Board under the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309), and, in an appeal by the insurer, was likewise awarded compensation in the district court.

■ This appeal presents the primary question of whether the appellee may recover in the district court for medical and surgical expenses incurred by him on account of his injuries, in the absence of a showing that his claims for those items had been previously "passed upon and adjudicated" by the Industrial Accident Board. Appellant contends that in the absence of such showing the district court was without jurisdiction of those claims. We overrule this contention presented in appellant's first, second, and third propositions.

The rule seems to be that claims for medical and surgical expenses, and the like, are merely incidental to the claim for compensation, and need not be specifically adjudicated by the accident board, in passing upon the principal claim, in order to give jurisdiction thereover to the district court in a trial de novo on appeal thereto. Lumbermen's Recip. Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Great American Ind. Co. v. McElyea (Tex. Civ. App. Wr. Ref.) 57 S. W.(2d) 966; Choate v. Hartford Accident & Ind. Co. (Tex. Civ. App. Wr. Gr.) 54 S.W. (2d) 901; Commercial Cas. Ins. Co. v. Hilton (Tex. Civ. App. Wr. Gr.) 55 S.W.(2d) 120; Aetna Life Ins. Co. v. Culvahouse (Tex. Civ. App. Wr. DFWJ.) 10 S.W.(2d) 803. Appellant relies upon the decision in Lumbermen's Recip. Ass'n v. Wilmoth, (Tex. Com. App.) 12 S.W.(2d) 972, to support its contention. In that case, however, it was held, simply, that a physician, a stranger to the proceeding before the Industrial Accident Board, would not be permitted to intervene in the claimant's suit in the district court and set up a claim for fee for rendering first aid to the injured employee, without having first presented his claim to the Industrial Accident Board. That is not the question presented here. We overrule appellant's first, second, and third propositions.

■ In its fourth proposition appellant complains of the decree awarding compensation to appellee as for 50 per cent. total disability for a period of 120 weeks. Appellant insists that the evidence did not support that finding as to disability. That was a question of fact, of course, to be determined by the trial judge. It may be true, as appellant insists, that the evidence was somewhat meager upon this issue, yet there certainly was some substantial, material evidence to warrant the court's finding, which is therefore binding upon this court.

The judgment is affirmed.