MARYLAND CASUALTY CO. v. R. E. MOORE.

No. 6840.   Decided March 17, 1937.
(102 S. W., 2d Series, 1118.)

R. H. *Mercer,* of San Antonio, for plaintiff in error.

D. W. *Suttle,* of Uvalde, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

1-3   The Court of Civil Appeals has correctly decided this case. Its opinion *(post)* is reported in 74 S. W. (2d) 769. We approve its holding and could add nothing of value to its opinion by further writing on the case. To the authorities therein cited may be added Ætna Life Insurance Company v. Harris, 83 S. W. (2d) 1087.

The judgments both of the trial court and the Court of Civil Appeals are affirmed.

Opinion adopted by the Supreme Court March 17, 1937.

[NOTE BY EDITOR: For the convenience of the Bar, the opinion of the Court of Civil Appeals for the Fourth Supreme Judicial District, by MR. JUSTICE SMITH, is here inserted as follows:

[Appellee was awarded compensation by the Industrial Accident Board under the provisions of the Workmen's Compensation Act, and in an appeal by the insurer was likewise awarded compensation in the district court.

[This appeal presents the primary question of whether the appellee may recover in the district court for medical and surgical expenses incurred by him on account of his injuries, in the absence of a showing that his claims for those items had been previously "passed upon and adjudicated" by the Industrial Accident Board. Appellant contends that in the absence of such showing the district court was without jurisdiction of those claims. We overrule this contention, presented in appellant's first, second and third propositions.

[The rule seems to be that claims for medical and surgical expenses, and the like, are merely incidental to the claim for compensation, and need not be specifically adjudicated by the Accident Board, in passing upon the principal claim, in order to give jurisdiction thereover to the district court in a trial de novo on appeal thereto. Recip. Assn. v. Behnken, 112 Texas 103, 246 S. W. 72, 28 A. L. R. 1402; Great American Ind. Co. v. McElyea, (Tex. Civ. App., writ refused) 57 S. W. (2d) 966; Choate v. Hartford Accident & Ind. Co., (Tex. Civ. App., writ granted) 54 S. W. (2d) 901; Commercial Casualty Ins. Co. v. Hilton, (Tex. Civ. App., writ granted) 55 S. W. (2d) 120; Ætna Life Ins. Co. v. Culvahouse, (Tex. Civ. App., writ dismissed for want of jurisdiction) 10 S. W. (2d) 803. Appellant relies upon the decision in Lumbermen's Recip. Assn. v. Wilmoth, (Tex. Com. App.) 12 S. W. (2d) 972, to support its contention. In that case, however, it was held, simply, that a physician, a stranger to the proceeding before the Industrial Accident Board, would not be permitted to intervene in the claimant's suit in the district court and set up a claim for fee for rendering first aid to the injured employee, without having first presented his claim to the Industrial Accident Board. That is not the question presented here. We overrule appellant's first, second, and third propositions.

[In its fourth proposition appellant complains of the decree awarding compensation to appellee as for fifty per cent. total disability for a period of 120 weeks. Appellant insists that the

evidence did not support that finding as to disability. That was a question of fact, of course, to be determined by the trial judge. It may be true, as appellant insists, that the evidence was somewhat meager upon this issue, yet there certainly was some substantial, material evidence to warrant the court's finding, which is therefore binding upon this Court.

[The judgment is affirmed.]