**WESTERN ALLIANCE INSURANCE COMPANY, Appellant,**

v.

**Lilburn A. TUBBS, Appellee.**

No. 4366.

Court of Civil Appeals of Texas.

Waco.

May 20, 1965.

Rehearing Denied March 24, 1966.

Ulmer W. Spinney, William G. Washington, Austin, for appellant.

W. Lance Corsbie, Waco, for appellee.

1. "Sec. 5.

"Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of this law, shall include in such award or judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said award or judgment. The first such final award or judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items, but shall not be

WILSON, Justice.

The workmen's compensation claimant recovered judgment for medical services under Art. 8306, Sec. 7, Vernon's Ann. Civ. St., against appellant, the carrier.

By a previous satisfied judgment, not in issue here, claimant was awarded total and permanent disability benefits and medical expenses then accrued. Claimant thereafter sustained a separation of the same fractures which constituted the injuries resulting in the first judgment. The carrier refused to pay for medical expenses alleged to result from the re-injury. A claim for cost of medical services was denied by the Industrial Accident Board, and claimant appealed to the District Court. Although claimant's petition sought recovery of workmen's compensation for the re-injury, none was awarded, and no claim for compensation is before us.

The carrier complains that the judgment includes sums for medical services incurred after the date of the decision of the Board appealed from. Its position is that under the provisions of Art. 8307, Sec. 5 (Acts 1957, 55th Leg., p. 1186, ch. 397, Sec. 2) [1] the first final judgment in a workmen's compensation case becomes res judicata as

res judicata of the obligation of the association to furnish or pay for any such items after the date of said award or judgment. After the first such final award or judgment, the Board shall have continuing jurisdiction in the same case to render successive awards to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which said employee may be entitled; provided, each such successive award of the Board shall be subject to a suit to set aside said award by a court of competent jurisdiction, in the same manner as provided in the case of other awards under this law."

to all medical expense "which could have been claimed up to the date of such first final judgment", but any subsequent medical expense "must be submitted to the Board, and the Board's award thereon may include only such cost or expense as was incurred for services furnished to the employee not more than six months prior to the date of such award."

Before the 1957 amendment to Art. 8307, as now, Sec. 5 of that Article provided that all questions unsettled by agreement arising under the workmen's compensation law should be settled by decision of the Board, subject to the right of appeal from the decision. Although it was settled that a claim for compensation before the Board and final decision of the Board thereon was prerequisite to jurisdiction of the courts to adjudicate compensation, Industrial Accident Board v. Glenn, 144 Tex. 378, 190 S.W.2d 805, 807, it was held that after such claim was denied by the Board the court upon trial de novo on appeal "had jurisdiction to determine all issues between the parties regardless of whether" asserted before the Board. Lumberman's Reciprocal Ass'n. v. Behnken, 112 Tex. 103, 246 S.W. 72, 75, 28 A.L.R. 1402. It was accordingly the uniform holding before the 1957 amendment that the employee's claim for medical and hospital expenses under Art. 8306, Sec. 7 is "merely incidental to the claim for compensation, and need not be specifically adjudicated by the accident board" in order to confer jurisdiction over the claim in a trial de novo appeal. Maryland Casualty Co. v. Moore, 129 Tex. 174, 102 S.W.2d 1118, approving id., Tex.Civ.App., 74 S.W. 2d 769, 770; Great American Indemnity Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883, 888, writ ref. n. r. e.

■ Has the Legislature evidenced intention to make any change in this rule by adding the second paragraph to Sec. 5 of Art. 8307? The statute directs by its first sentence that no award of the Board, and no judgment of the court, "having jurisdiction of a claim against the association" for medical services, etc., shall include expenses for items not actually furnished and received "prior to the date of said award or judgment." The carrier's contention would require a construction of this provision that there must be action by the Board before a court has jurisdiction of a claim for expenses incurred after the award. This, the amendment does not say. It excludes from the Board's jurisdiction expenses for items not furnished before the date of the award, and it excludes from the court's jurisdiction expenses for items not furnished before the date of judgment. Although the Board may have jurisdiction of the claim arising before the award and may make an award thereon, a court also has its own separate jurisdiction under the established rule without Board action. We find no language there evidencing intent to change the rule.

■ The second sentence of the added paragraph makes the first final award "or" judgment res judicata as to expenses only up to the date of award. Again there is no manifestation of an intent to alter the existing holding. The third sentence fixes a six-month limitation period for expenses which may be claimed prior to each successive award by the Board, which is given "continuing jurisdiction" in the same case. This sentence does not restrict the jurisdiction of the courts further than it limits that of the Board. It is true that each of such successive Board awards is made subject to suit to set them aside by a court of competent jurisdiction. This, however, is nothing new; it was true of such awards before the amendment, under Art. 8307a.

■■ A statute which deprives a court of existing jurisdiction is strictly construed, and "when jurisdiction is once granted it will not be deemed taken away by a similar jurisdiction being given to another tribunal." 3 Sutherland, Statutory Construction (3rd ed.) Sec. 6803, p. 328. In our opinion it was not necessary that the claim be first submitted to the Board, and the district

court had jurisdiction of expenses incurred subsequent to the Board's award.

Appellant complains of refusal of three requested issues inquiring (1) whether claimant "sustained an accidental injury" on the date of the re-injury; (2) whether "necessary medical services secured by him" after the latter injury were reasonably required to relieve from the effects of that injury; and (3) asking what was the reasonable value of such necessary medical services. The first of these requested submission of an undisputed issue. Appellant urges it was entitled to a determination of whether the re-injury, as distinguished from the original injury, was compensable. Answers to the requested issues would not have accomplished this, if it was material.

 That portion of the judgment allowing recovery for the reasonable value, based on jury findings, of necessary medical services "secured by plaintiff for himself from members of his family" is complained of. The evidence adequately supports the jury findings. The services inquired about, rendered by claimant's wife, consisted of feeding, bathing, shaving and turning claimant, taking him to the doctor and generally "taking care of" him in his home while he was an invalid. Appellant says recovery for these was not authorized because Art. 8306, Sec. 7 limits liability to amounts "expended or incurred" by claimant for services, and Art. 8307, Sec. 5 authorizes awards only for "cost or expense" of any such items. We do not find the statutes to make such restrictions. Art. 8306, Sec. 7 requires the carrier to "furnish such" nursing as may reasonably be required, excluding such as are "not ordinarily provided by hospitals as a part of their services," and upon its failure to furnish these, the injured employee is authorized "to provide" them at the carrier's "cost and expense." Another portion of Sec. 7 provides the employee shall not be entitled

to recover any amount "expended or incurred" by him without notice and refusal to furnish. This, in our opinion, does not restrict or qualify the liability for services provided by the employee at the carrier's "cost and expense." The latter phrase, we think, is what is referred to in this respect in Art. 8307, Sec. 5 limiting the "cost or expense" to be included in an award or judgment to that actually furnished. In our opinion the value of the services was recoverable. See Transport Ins. Co. v. Polk, Tex.Civ.App., 388 S.W.2d 474.[2]

Affirmed.

---

2. The opinion in the present case was delivered before the Supreme Court's opinion, 400 S.W.2d 881, dated March 16, 1966.