COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-209-CV
 
KENNETH BONE AND A.J. MORRIS,       
           
           
           
        APPELLANTS
M.D., P.A.
V.
UTICA NATIONAL INSURANCE                                                             
APPELLEE
COMPANY OF TEXAS
------------
FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
Appellants Kenneth Bone
("Bone") and A.J. Morris, M.D., P.A. ("Dr. Morris") appeal
from a final summary judgment entered in favor of Appellee Utica National
Insurance Company of Texas ("Utica"). Appellants raise three issues,
arguing the trial court erred: (1) in granting Utica's motion for summary
judgment; (2) in requiring Appellants to exhaust administrative remedies and in
determining that their claims were barred; and (3) in determining that there was
no viable cause of action against Utica under the Texas Deceptive Trade
Practices-Consumer Protection Act ("DTPA"). We affirm.
II. Background
Facts and Procedural History
Bone was injured on the job on
January 20, 1997 while employed for Professional Service Company. At that time,
Bone's employer had in force a workers' compensation insurance policy issued by
Utica. As a result of pain he was experiencing in 1998, Bone sought treatment
under a pain management program recommended by Dr. Morris. Under the workers'
compensation rules, Bone's pain management treatment had to be preauthorized by
Utica. See 22 Tex. Reg. 1317 (28 Tex. Admin. Code § 134.600(h) (1997)
(Tex. Workers' Comp. Comm'n, Procedure for Requesting Pre-Authorization of
Specific Treatments and Services) (amended 2003) (current version at 28 Tex.
Admin. Code § 134.600(h) (2003))). Utica had contracted with CorVel Corporation
("CorVel") to perform certain services regarding the review of bills
submitted under workers' compensation claims to determine the necessity and
reasonableness of treatment and whether the bills should be preauthorized for
payment.
As directed by Utica, Dr. Morris
contacted CorVel for preauthorization of the pain management treatment. CorVel
sent four letters to Utica, dated December 14, 1998; January 15, 1999; February
5, 1999; and March 19, 1999, with copies to Bone and Dr. Morris, recommending
authorization of the pain management treatment, stating in pertinent part:
"This medical service has been preauthorized for medical necessity based
upon the medical information provided. Payment of benefits is subject to
eligibility under workers' compensation laws and administration of those
laws." Pursuant to the preauthorization letters from CorVel, Dr. Morris
rendered pain management treatment services to Bone in the amount of $26,477
over a period of time from December 16, 1998 through April 12, 1999, and he
submitted health insurance claim forms to Utica for payment of the service.
However, Utica notified Dr. Morris on April 12, 1999 that it was denying
reimbursement for all charges on the basis of its conclusion, following an
independent medical record peer review, that the treatment was neither
reasonable nor necessary.
Bone and Dr. Morris sued Utica and
CorVel on November 1, 2000, without pursuing administrative review of the denial
of payment by Utica for the pain management treatment, alleging causes of action
for fraud, negligent misrepresentations, and violations of the DTPA. Bone and
Dr. Morris sought $26,477 in actual damages, as well as statutory and exemplary
damages, claiming that Dr. Morris would not have rendered the medical services
but for the representations that the charges were preauthorized or, in the
alternative, would have filed a dispute with the Texas Workers' Compensation
Commission ("TWCC"). Dr. Morris alleged that by April 12, 1999, when
he was informed of the denial, the statute of limitation had already run.
Utica filed a motion for summary
judgment, asserting that the trial court lacked jurisdiction over the suit
because Bone and Dr. Morris failed to exhaust their administrative remedies
under the Texas Workers' Compensation Act ("Act"), and it
alternatively asserted that Bone and Dr. Morris could present no evidence of
exhaustion of remedies. On February 20, 2002, the trial court granted Utica's
motion without specifying the grounds. Subsequently, all causes of action
against CorVel were severed and made the basis of another lawsuit, making the
summary judgment in favor of Utica final and appealable.(2)
III. Issues
Appellants contend that the trial
court erred in granting Utica's motion for summary judgment. Specifically,
Appellants first complain that the court erred in granting Utica's motion based
on the failure of Appellants to exhaust their administrative remedies and in
ruling that Appellants' claims were barred. Appellants argue that this case is
based upon a tort claim of material misrepresentation and is not a request for
workers' compensation benefits, insurance coverage, or any related cause of
action. Second, Appellants maintain that the court erred in granting summary
judgment that there was no viable cause of action against Utica under the DTPA.
In response, Utica argues that the
trial court correctly granted its motion for summary judgment. Utica maintains
that Appellants' lawsuit clearly sought only recovery of medical benefits from a
workers' compensation carrier. Utica further argues that because Appellants
failed to exhaust their administrative remedies, as required by the TWCC's
rules, the trial court properly dismissed all of their claims. We agree with
Utica.
IV. Standard of
Review
The standards for reviewing summary
judgments are well established. See Tex. R. Civ. P. 166a(a)-(c), (i); Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The absence of
subject matter jurisdiction may be raised by procedural devices such as a plea
to the jurisdiction or a motion for summary judgment. Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). When a trial court's order
granting summary judgment does not specify the ground or grounds relied on for
its ruling, summary judgment will be affirmed on appeal if any of the theories
advanced are meritorious. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471,
473 (Tex. 1995); Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d
170, 173 (Tex. 1995).
V. Application of
Law to the Facts
The power to award compensation
benefits lies exclusively with the TWCC. Am. Motorists Ins. Co. v. Fodge,
63 S.W.3d 801, 803 (Tex. 2001); Saenz v. Fid. & Guar. Ins. Underwriters,
925 S.W.2d 607, 612 (Tex. 1996). The TWCC's jurisdiction encompasses disputes
involving income benefits, preauthorization of medical care, and reimbursement
of medical expenses. Fodge, 63 S.W.3d at 803. Under the Act,
"Recovery of workers' compensation benefits is the exclusive remedy of an
employee covered by workers' compensation insurance coverage . . . ." Tex.
Lab. Code Ann. § 408.001(a) (Vernon 1996); Cigna Ins. Co. v. Killion,
50 S.W.3d 17, 22 (Tex. App.--Amarillo 2001, no pet.) (stating that the
successive steps implemented by the legislature "in the progress and
maturation of a claim are mandatory . . . [and] must be followed").
Likewise, the Act entitles health
care providers who disagree with an insurer's denial of a claim or amount to be
reimbursed to have their claims reviewed by the Medical Review Division of the
TWCC. Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, sec.
413.031, 1993 Tex. Gen. Laws 987, 1225, amended by Act of May 18, 2001,
77th Leg., R.S., ch. 1456, § 6.04, sec. 413.031, 2001 Tex. Gen. Laws
5167, 5186; Methodist Hosps. of Dallas v. Tex. Workers' Comp. Comm'n,
874 S.W.2d 144, 149 (Tex. App.--Austin 1994, no pet.) (op. on reh'g) ("For
a district court to exercise jurisdiction over a workers' compensation dispute,
however, the claim sued upon must first have been presented to the
Commission."); see also Smith v. Stephenson, 641 S.W.2d 900, 902
(Tex. 1982) (holding provider's remedies for medical services claim entirely
controlled by prior Act); Lumbermen's Reciprocal Ass'n v. Wilmoth, 12
S.W.2d 972, 973 (Tex. Comm'n App. 1929, judgm't adopted in part and reformed in
part) (holding physician required to first present claim to Industrial Accident
Board under prior Act). Under section 413.031 of the Act:
A party, including a health care
provider, is entitled to a review of a medical service provided or for which
authorization of payment is sought if a health care provider is:

        
 (1) denied payment or paid a reduced amount for the medical service rendered;
 [or]
        
 (2) denied authorization for the payment for the service requested or
 performed if authorization is required by the medical policies of the
 commission[.]

Act of May 12, 1993, 73rd
Leg., R.S., ch. 269, § 1, sec. 413.031, 1993 Tex. Gen. Laws 987, 1225 (amended
2001) (current version at Tex. Lab. Code Ann. § 413.031(a) (Vernon Supp.
2003)).
The TWCC has promulgated rules
governing requests for medical dispute resolution under the Act. 16 Tex. Reg.
2830 (28 Tex. Admin. Code § 133.305 (1991) (Tex. Workers' Comp. Comm'n, Request
for Medical Dispute Resolution) (amended 2003) (current version at 28 Tex.
Admin. Code § 133.307 (2003))). Rule 133.305 dictates that all requests for
review of disputed fees for medical services shall "be submitted to the
commission at the division of medical review in Austin, no later than one
calendar year after the date(s) of service in dispute." 16 Tex. Reg.
2830 (28 Tex. Admin. Code § 133.305(a) (1991) (Tex. Workers' Comp. Comm'n,
Request for Medical Dispute Resolution) (amended 2003) (current version at 28
Tex. Admin. Code § 133.307(d) (2003))) (emphasis added); see Hosps. &
Hosp. Sys. v. Cont'l Cas. Co., No. 03-02-00429-CV, slip op. at 6, 2003 WL
21241621, at *3 (Tex. App.--Austin May 30, 2003, pet. filed) (noting that
section 133.305(a), requiring disputes to be submitted within one calendar year,
has been upheld for over a decade). The parties may submit a dispute relating to
the "denial of authorization for the provision of services that require
preauthorization." 16 Tex. Reg. 2830 (28 Tex. Admin. Code § 133.305(c)(1)
(Tex. Workers' Comp. Comm'n, Request for Medical Dispute Resolution) (amended
2003) (current version at 28 Tex. Admin. Code § 133.307 (2003))). If, upon
review, the medical dispute remains unresolved, the parties are entitled to a
hearing conducted by the State Office of Administrative Hearings ("SOAH").
16 Tex. Reg. 2830 (28 Tex. Admin. Code § 133.305(m) (Tex. Workers' Comp. Comm'n,
Request for Medical Dispute Resolution) (amended 2003) (current version at Tex.
Lab. Code Ann. § 413.031(k) (Vernon Supp. 2003))); Act of May 3, 1995, 74th
Leg., R.S., ch. 980, § 1.43, sec. 413.031(d), 1995 Tex. Gen. Laws 4912, 4923, amended
by Act of May 18, 2001, 77th Leg., R.S., ch. 1456, § 6.04, sec.
413.031, 2001 Tex. Gen. Laws 5167, 5186.
It is undisputed that although they
had notice of Utica's denial of authorization by April 12, 1999-well within a
year of all services performed from December 1998 through April of 1999-neither
Bone nor Dr. Morris appealed Utica's denial of payment for the pain management
treatment services to the TWCC for review as required under the Act. Appellants
maintain, however, that their claims do not fall within the purview of the Act
and that they were not required to exhaust their administrative remedies.
Appellants' claims against Utica centered around the preauthorization of and
denial of payment for $26,477 in medical services-matters within the exclusive
jurisdiction of the TWCC, and Appellant's seek actual damages only in the amount
of the claim for medical services denied. See Fodge, 63 S.W.3d at 804.
Because Appellants failed to follow the Act and did not exhaust their
administrative remedies, we hold that Appellants were not entitled to judicial
review of their claims.
Appellants contend, however, that
they should not have been required to exhaust their administrative remedies and
that they were entitled to maintain their suit because their claims are for
damages for misrepresentations, fraud, and violations of the DTPA, which fall
outside the Act. The Texas Supreme Court specifically rejected this argument in Fodge,
stating:

        
 The court could not adjudicate [the claimant's] damages claim without
 determining her entitlement to medical treatment, a matter within the
 Commission's exclusive jurisdiction. [The claimant's] claim for damages from
 denied medical treatment is made no more viable simply by restating it under
 the other legal theories she asserted -- negligence, fraud, and statutory
 violations. To award damages equal to the cost of denied medical care is
 tantamount to ordering that the care be paid for and would, as we said in Saenz,
 circumvent the Commission's exclusive authority to decide that issue.

Id.
In this case, Appellants' response
to Utica's motion for summary judgment states that they were not suing for
wrongful denial of benefits based on an insurance policy but for intentional or
negligent misrepresentations that the services to be rendered were preauthorized
when they were not. These claims constituted tort and extra-contractual causes
of action for damages, which the TWCC was not authorized to adjudicate.
Appellants are attempting by creative pleading to circumvent the TWCC's
exclusive jurisdiction in the same manner as the claimant in Fodge-by
couching their claims for damages from denied medical treatment under other
legal theories. Id.
The cases relied upon by
Appellants, holding that exhaustion of administrative remedies is not required
for extra-contractual claims, all pre-date Fodge. As noted in Fodge,
the supreme court "did not exclude the possibility that an insurer's denial
of a claim it was not obliged to pay might nevertheless be in bad faith if its
conduct were 'extreme' and produced damages unrelated to and independent of the
policy claim." Id. at 804 (citing Republic Ins. Co. v. Stoker,
903 S.W.2d 338, 341 (Tex. 1995)). Thus, the court in Fodge held that
the claimant's damage claim for mental anguish, loss of wages, and impairment of
credit reputation from an alleged delay in investigating and promptly paying
temporary income benefits was within the trial court's jurisdiction. Id.
at 804-05.
Appellants contend that their
claims are independent of any claim for the denial of benefits because their
complaint is that they relied upon Utica's alleged misrepresentation that the
treatment was preauthorized prior to the furnishing of the medical services.
Nonetheless, Appellant's claims are premised on entitlement to payment. They
allege no damages unrelated to and independent of the medical benefits denied.
Because Appellants never pursued their administrative remedies as to that
denial, and because the damage claims in the amount of the charges for the
medical services could not be adjudicated without also adjudicating Appellant's
entitlement to payment for the services, a matter solely within the TWCC's
exclusive jurisdiction, the extra-contractual claims were not within the trial
court's jurisdiction. Id. at 804; see also Malish v. Pac. Employers
Ins. Co., 106 S.W.3d 744, 746 (Tex. App.--Fort Worth 2003, no pet.)
("If a claim is not within a court's jurisdiction, and the impediment to
jurisdiction cannot be removed, then it must be dismissed.") (citing Fodge,
63 S.W.3d at 805); Killion, 50 S.W.3d at 22 (holding trial court could
not directly or indirectly adjudicate claims within the agency's exclusive
jurisdiction).
We hold that Appellants were
required to conform to the administrative procedures outlined in the Act and in
the TWCC's rules and that their pleadings did not carry them outside those
requirements. Accordingly, because the trial court lacked subject matter
jurisdiction, it properly granted Utica's motion for summary judgment and
dismissed Appellants' claims. We overrule Appellants' issues.
VI. Conclusion
Having overruled Appellants' three
issues, we affirm the trial court's judgment.
 
                                                       
   ANNE GARDNER
                                                       
   JUSTICE
 
PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
 
DELIVERED: August 7, 2003

1. See Tex. R. App. P. 47.4.
2. Bone and Dr. Morris appealed from a summary judgment
granted to CorVel in a separate action. See Bone v. CorVel Corp., No.
02-02-303-CV, 2003 WL 21448240 (Tex. App.--Fort Worth Jun. 19, 2003, no pet. h.)
(memo. op.).