BONE ET AL. V. UTICA NATIONAL INS.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-209-CV

KENNETH BONE AND A.J. MORRIS, APPELLANTS

M.D., P.A.

V.

UTICA NATIONAL INSURANCE APPELLEE

COMPANY OF TEXAS

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellants Kenneth Bone (“Bone”) and A.J. Morris, M.D., P.A. (“Dr. Morris”) appeal from a final summary judgment entered in favor of Appellee Utica National Insurance Company of Texas (“Utica”).  Appellants raise three issues, arguing the trial court erred:  (1) in granting Utica’s motion for summary judgment; (2) in requiring Appellants to exhaust administrative remedies and in determining that their claims were barred; and (3) in determining that there was no viable cause of action against Utica under the Texas Deceptive Trade Practices-Consumer Protection Act (“DTPA”).  We affirm.

II.  Background Facts and Procedural History

Bone was injured on the job on January 20, 1997 while employed for Professional Service Company.  At that time, Bone’s employer had in force a workers’ compensation insurance policy issued by Utica.  As a result of pain he was experiencing in 1998, Bone sought treatment under a pain management program recommended by Dr. Morris.  Under the workers’ compensation rules, Bone’s pain management treatment had to be preauthorized by Utica.  
See
 22 Tex. Reg. 1317 (28 
Tex. Admin. Code
 § 134.600(h) (1997) (Tex. Workers’ Comp. Comm’n, Procedure for Requesting Pre-Authorization of Specific Treatments and Services) (amended 2003) (current version at 28
 Tex. Admin. Code
 § 134.600(h) (2003))).  Utica had contracted with CorVel Corporation (“CorVel”) to perform certain services regarding the review of bills submitted under workers’ compensation claims to determine the necessity and reasonableness of treatment and whether the bills should be preauthorized for payment.

As directed by Utica, Dr. Morris contacted CorVel for preauthorization of the pain management treatment.  CorVel sent four letters to Utica, dated December 14, 1998; January 15, 1999; February 5, 1999; and March 19, 1999, with copies to Bone and Dr. Morris, recommending authorization of the pain management treatment, stating in pertinent part:  “This medical service has been preauthorized for medical necessity based upon the medical information provided.  Payment of benefits is subject to eligibility under workers’ compensation laws and administration of those laws.”  Pursuant to the preauthorization letters from CorVel, Dr. Morris rendered pain management treatment services to Bone in the amount of $26,477 over a period of time from December 16, 1998 through April 12, 1999, and he submitted health insurance claim forms to Utica for payment of the service.  However, Utica notified Dr. Morris on April 12, 1999 that it was denying reimbursement for all charges on the basis of its conclusion, following an independent medical record peer review, that the treatment was neither reasonable nor necessary.

Bone and Dr. Morris sued Utica and CorVel on November 1, 2000, without pursuing administrative review of the denial of payment by Utica for the pain management treatment, alleging causes of action for fraud, negligent misrepresentations, and violations of the DTPA.  Bone and Dr. Morris sought $26,477 in actual damages, as well as statutory and exemplary damages, claiming that Dr. Morris would not have rendered the medical services but for the representations that the charges were preauthorized or, in the alternative, would have filed a dispute with the Texas Workers’ Compensation Commission (“TWCC”).  Dr. Morris alleged that by April 12, 1999, when he was informed of the denial, the statute of limitation had already run.

Utica filed a motion for summary judgment, asserting that the trial court lacked jurisdiction over the suit because Bone and Dr. Morris failed to exhaust their administrative remedies under the Texas Workers’ Compensation Act (“Act”), and it alternatively asserted that Bone and Dr. Morris could present no evidence of exhaustion of remedies.  On February 20, 2002, the trial court granted Utica’s motion without specifying the grounds.  Subsequently, all causes of action against CorVel were severed and made the basis of another lawsuit, making the summary judgment in favor of Utica final and appealable.
(footnote: 2)
III.  Issues

Appellants contend that the trial court erred in granting Utica’s motion for summary judgment.  Specifically, Appellants first complain that the court erred in granting Utica’s motion based on the failure of Appellants to exhaust their administrative remedies and in ruling that Appellants’ claims were barred. Appellants argue that this case is based upon a tort claim of material misrepresentation and is not a request for workers’ compensation benefits, insurance coverage, or any related cause of action.  Second, Appellants maintain that the court erred in granting summary judgment that there was no viable cause of action against Utica under the DTPA.

In response, Utica argues that the trial court correctly granted its motion for summary judgment.  Utica maintains that Appellants’ lawsuit clearly sought only recovery of medical benefits from a workers’ compensation carrier.  Utica further argues that because Appellants failed to exhaust their administrative remedies, as required by the TWCC’s rules, the trial court properly dismissed all of their claims.  We agree with Utica.

IV.  Standard of Review

The standards for reviewing summary judgments are well established.  
See
 
Tex. R. Civ. P
. 166a(a)-(c), (i); 
Nixon v. Mr. Prop. Mgmt. Co
., 690 S.W.2d 546, 548-49 (Tex. 1985).  The absence of subject matter jurisdiction may be raised by procedural devices such as a plea to the jurisdiction or a motion for summary judgment.  
Bland Indep. Sch. Dist. v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).  When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious.  
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995); 
Harwell v. State Farm Mut. Auto. Ins. Co
., 896 S.W.2d 170, 173 (Tex. 1995).

V.  Application of Law to the Facts

The power to award compensation benefits lies exclusively with the TWCC.  
Am. Motorists Ins. Co. v. Fodge
, 63 S.W.3d 801, 803 (Tex. 2001); 
Saenz v. Fid. & Guar. Ins. Underwriters
, 925 S.W.2d 607, 612 (Tex. 1996).  The TWCC’s jurisdiction encompasses disputes involving income benefits, preauthorization of medical care, and reimbursement of medical expenses.  
Fodge
, 63 S.W.3d at 803.  Under the Act, “Recovery of workers’ compensation benefits is the exclusive remedy of an employee covered by workers’ compensation insurance coverage . . . .”  
Tex. Lab. Code Ann. 
§ 408.001(a) (Vernon 1996); 
Cigna Ins. Co. v. Killion
, 50 S.W.3d 17, 22 (Tex. App.—Amarillo 2001, no pet.) (stating that the successive steps implemented by the legislature “in the progress and maturation of a claim are mandatory . . . [and] must be followed”).

Likewise, the Act entitles health care providers who disagree with an insurer’s denial of a claim or amount to be reimbursed to have their claims reviewed by the Medical Review Division of the TWCC.  Act of May 12, 1993, 73
rd
 Leg., R.S., ch. 269, § 1, sec. 413.031, 1993 Tex. Gen. Laws 987, 1225,  
amended by
 Act of May 18, 2001, 77
th
 Leg., R.S., ch. 1456, § 6.04, sec. 413.031, 2001 Tex. Gen. Laws 5167, 5186;
 Methodist Hosps. of Dallas v. Tex. Workers’ Comp. Comm’n
, 874 S.W.2d 144, 149 (Tex. App.—Austin 1994, no pet.) (op. on reh’g) (“For a district court to exercise jurisdiction over a workers’ compensation dispute, however, the claim sued upon must first have been presented to the Commission.”); 
see also Smith v. Stephenson
, 641 S.W.2d 900, 902 (Tex. 1982) (holding provider’s remedies for medical services claim entirely controlled by prior Act); 
Lumbermen’s Reciprocal Ass’n v. Wilmoth
, 12 S.W.2d 972, 973 (Tex. Comm’n App. 1929, judgm’t adopted in part and reformed in part) (holding physician required to first present claim to Industrial Accident Board under prior Act).  Under section 413.031 of the Act:

A party, including a health care provider, is entitled to a review of a medical service provided or for which authorization of payment is sought if a health care provider is:

(1) denied payment or paid a reduced amount for the medical service rendered; [or]

(2) denied authorization for the payment for the service requested or performed if authorization is required by the medical policies of the commission[.]

Act of May 12, 1993, 73
rd
 Leg., R.S., ch. 269, § 1, sec. 413.031, 1993 Tex. Gen. Laws 987, 1225 (amended 2001) (current version at 
Tex. Lab. Code Ann
. § 413.031(a) (Vernon Supp. 2003)). 

The TWCC has promulgated rules governing requests for medical dispute resolution under the Act.  16 Tex. Reg. 2830 (28 
Tex. Admin. Code
 § 133.305 (1991) (Tex. Workers’ Comp. Comm’n, Request for Medical Dispute Resolution) (amended 2003) (current version at 28 
Tex. Admin. Code
 § 133.307 (2003))). Rule 133.305 dictates that all requests for review of disputed fees for medical services shall “be submitted to the commission at the division of medical review in Austin, 
no later than one calendar year after the date(s) of service in dispute
.”  16 Tex. Reg. 2830 (28 
Tex. Admin. Code
 § 133.305(a) (1991) (Tex. Workers’ Comp. Comm’n, Request for Medical Dispute Resolution) (amended 2003) (current version at 28 
Tex. Admin. Code
 § 133.307(d) (2003))) (emphasis added); 
see Hosps. & Hosp. Sys. v. Cont’l Cas. Co
., No. 03-02-00429-CV, slip op. at 6, 2003 WL 21241621, at *3 (Tex. App.—Austin May 30, 2003, pet. filed) (noting that section 133.305(a), requiring disputes to be submitted within one calendar year, has been upheld for over a decade).  The parties may submit a dispute relating to the “denial of authorization for the provision of services that require preauthorization.”  16 Tex. Reg. 2830 (28 
Tex. Admin. Code
 § 133.305(c)(1) (Tex. Workers’ Comp. Comm’n, Request for Medical Dispute Resolution) (amended 2003) (current version at 28 
Tex. Admin. Code
 § 133.307 (2003))).  If, upon review, the medical dispute remains unresolved, the parties are entitled to a hearing conducted by the State Office of Administrative Hearings (“SOAH”).  
16 Tex. Reg. 2830 (28 
Tex. Admin. Code
 § 133.305(m) (Tex. Workers’ Comp. Comm’n, Request for Medical Dispute Resolution) (amended 2003) (current version at 
Tex. Lab. Code Ann.
 § 413.031(k) (Vernon Supp. 2003))); Act of May 3, 1995, 74
th
 Leg., R.S., ch. 980, § 1.43, sec. 413.031(d), 1995 Tex. Gen. Laws 4912, 4923, 
amended by
 Act of May 18, 2001, 77
th
 Leg., R.S., ch. 1456, § 6.04, sec. 413.031, 2001 Tex. Gen. Laws 5167, 5186.

It is undisputed that although they had notice of Utica’s denial of authorization by April 12, 1999–well within a year of all services performed from December 1998 through April of 1999–neither Bone nor Dr. Morris appealed Utica’s denial of payment for the pain management treatment services to the TWCC for review as required under the Act.  Appellants maintain, however, that their claims do not fall within the purview of the Act and that they were not required to exhaust their administrative remedies.  Appellants’ claims against Utica centered around the preauthorization of and denial of payment for $26,477 in medical services–matters within the exclusive jurisdiction of the TWCC, and Appellant’s seek actual damages only in the amount of the claim for medical services denied.  
See Fodge
, 63 S.W.3d at 804.  Because Appellants failed to follow the Act and did not exhaust their administrative remedies, we hold that Appellants were not entitled to judicial review of their claims.

Appellants contend, however, that they should not have been required to exhaust their administrative remedies and that they were entitled to maintain their suit because their claims are for damages for misrepresentations, fraud, and violations of the DTPA, which fall outside the Act.  The Texas Supreme Court specifically rejected this argument in 
Fodge
, stating:

The court could not adjudicate [the claimant’s] damages claim without determining her entitlement to medical treatment, a matter within the Commission’s exclusive jurisdiction. [The claimant’s] claim for damages from denied medical treatment is made no more viable simply by restating it under the other legal theories she asserted -- negligence, fraud, and statutory violations.  To award damages equal to the cost of denied medical care is tantamount to ordering that the care be paid for and would, as we said in 
Saenz
, circumvent the Commission’s exclusive authority to decide that issue. 

Id
.  

In this case, Appellants’ response to Utica’s motion for summary judgment states that they were not suing for wrongful denial of benefits based on an insurance policy but for intentional or negligent misrepresentations that the services to be rendered were preauthorized when they were not.  These claims constituted tort and extra-contractual causes of action for damages, which the TWCC was not authorized to adjudicate.  Appellants are attempting by creative pleading to circumvent the TWCC’s exclusive jurisdiction in the same manner as the claimant in 
Fodge
–by couching their claims for damages from denied medical treatment under other legal theories.  
Id
.  

The cases relied upon by Appellants, holding that exhaustion of administrative remedies is not required for extra-contractual claims, all pre-date 
Fodge
.  As noted in 
Fodge
, the supreme court “did not exclude the possibility that an insurer’s denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct were ‘extreme’ and produced damages unrelated to and independent of the policy claim.”  
Id
. at 804 (citing 
Republic Ins. Co. v. Stoker
, 903 S.W.2d 338, 341 (Tex. 1995)).  Thus, the court in 
Fodge
 held that the claimant’s damage claim for mental anguish, loss of wages, and impairment of credit reputation from an alleged delay in investigating and promptly paying temporary income benefits was within the trial court’s jurisdiction.  
Id
. at 804-05.

Appellants contend that their claims are independent of any claim for the denial of benefits because their complaint is that they relied upon Utica’s alleged misrepresentation that the treatment was preauthorized prior to the furnishing of the medical services.  Nonetheless, Appellant’s claims are premised on entitlement to payment.  They allege no damages unrelated to and independent of the medical benefits denied.  Because Appellants never pursued their administrative remedies as to that denial, and because the damage claims in the amount of the charges for the medical services could not be adjudicated without also adjudicating Appellant’s entitlement to payment for the services, a matter solely within the TWCC’s exclusive jurisdiction, the extra-contractual claims were not within the trial court’s jurisdiction.  
Id
. at 804; 
see also Malish v. Pac. Employers Ins. Co
., 106 S.W.3d 744, 746 (Tex. App.—Fort Worth 2003, no pet.) (“If a claim is not within a court’s jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed.”) (citing 
Fodge
, 63 S.W.3d at 805); 
Killion
, 50 S.W.3d at 22 (holding trial court could not directly or indirectly adjudicate claims within the agency’s exclusive jurisdiction).

We hold that Appellants were required to conform to the administrative procedures outlined in the Act and in the TWCC’s rules and that their pleadings did not carry them outside those requirements.  Accordingly, because the trial court lacked subject matter jurisdiction, it properly granted Utica’s motion for summary judgment and dismissed Appellants’ claims.  We overrule Appellants’ issues.

VI.  Conclusion

Having overruled Appellants’ three issues, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: August 7, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Bone and Dr. Morris appealed from a summary judgment granted to CorVel in a separate action.  
See Bone v. CorVel Corp
., No. 02-02-303-CV, 2003 WL 21448240 (Tex. App.—Fort Worth Jun. 19, 2003, no pet. h.) (memo. op.).